## VALIDITY OF A RESIGNATION BY A PUBLIC OFFICER.

Circuit Court of Cuyahoga County.

STATE OF OHIO, ON THE RELATION OF CHARLES ORR, V. THE BOARD OF EDUCATION OF THE CITY OF CLEVELAND DISTRICT ET AL.[*]

Decided, July 2, 1912.

*Public Officers—Resignation from Office Need Not be in Any Particular Form—Accepted Resignation Can Not be Withdrawn.*

1. It is not necessary that a resignation from a public office be couched in any particular words; it is only necessary that the incumbent evince a purpose to relinquish the office; that this purpose be communicated to the proper authority; and that this resignation be accepted, either in terms, or something tanamount thereto.

2. A resignation from office, to become effective at some future time, can not be withdrawn without the consent of the accepting party.

NIMAN, J.; MARVIN, J., and METCALFE, J. (sitting in place of Winch, J.), concur.

On the 10th day of December, 1910, the relator was elected director of schools by the board of education of the city of Cleveland for a term of two years, beginning January 11th, 1911. He duly qualified and entered upon the discharge of his duties.

On the 16th day of January, 1912, he wrote and delivered to Dr. G. C. Ashmun a communication which reads as follows:

"JANUARY 16, 1912.

"DR. G. C. ASHMUN, Pres.,
       "Board of Education.

"Referring to the present contention as to the office of director, it is my intention to retire from the work at an early date after confidence and quiet are restored. The limit of my services will be June 15, 1912.

"Very truly yours,
                         "CHAS. ORR."

When this writing was delivered to Dr. Ashmun and read by him, he put the question to Mr. Orr: "May I show this to the

---

[*]Affirmed without opinion, *State, ex rel,* v. *Board of Education,* 87 Ohio State, 529.

other members of the board?" The answer, as testified to by Mr. Orr, was: "Make any use of it that you see fit. That is exactly my view; that is my wish; that is my feeling."

At a meeting of the board of education held on the afternoon of January 16, this communication was presented to the board. A discussion followed and Mr. Orr was called before the board. He was made aware of the fact that the letter he had addressed to Dr. Ashmun earlier in the day was before the board and was under consideration.

While the testimony given by the various witnesses as to what was said by him to the board, and by the members of the board to him, is not without conflict, the fact is established that the intention of the director of schools, as expressed in his communication, then before the board, was discussed, and the concluding paragraph of the communication was declared by him to mean that he intended to retire from the office of director by June 15, 1912.

The letter of January 16th was on motion made a part of the records of the meeting of the board of education. At the time this meeting of the board was held there was pending before the board a report of the committee on business management relative to an investigation which had been requested by Mr. Orr, which dealt extensively with matters in the department of the director of schools and reported against the request of the director for an investigation of his office. The report concluded with a recommendation that the director be advised of the conclusions set forth in the report, and requested to tender his resignation.

Immediately following the consideration of the letter of January 16th and the discussion between the members of the board and Mr. Orr, a resolution was adopted by the board approving the report of the committee on business management with the exception of the last paragraph, to-wit, "and be requested to tender his resignation."

On May 20, 1912, the relator addressed a letter to the president of the board of education, which said:

"Urged by a sense of duty, I withdraw my communication to you written under date of January 16th, 1912."

This letter was presented to the board of education by the president, but the board declined to receive it and instructed the president to return it to the director of schools.

On May 27, 1912, the board of education adopted the following resolution:

"WHEREAS, at a meeting of this board on January 16, 1912, Mr. Chas. Orr, director of schools, filed with the board a written communication terminating his services as director on June 15th, 1912, and which communication was accepted by the board at that time and became the basis for its action in amending and adopting a report then pending from the committee on business management, therefore, be it

"*Resolved*: That the committee on business management be and hereby it is requested to consider and report at the next regular meeting of the board what action in the opinion of the committee, the board should take in regard to the situation thus created."

Following this, on the 3d day of June, 1912, the board passed a resolution adopting a report of said committee on business management which recommended that the board proceed to elect a director of schools for the unexpired term and which expressed the opinion that a vacancy would exist in the office of director of schools from and after the 15th day of June, 1912.

On June 3d, 1912, the board adopted another resolution declaring its determination to elect a school director to fill the vacancy declared to exist for the unexpired term beginning June 16, 1912, and ending January 10, 1913.

Following the adoption of the resolution, the director of schools addressed a letter to the board of education, the closing paragraph of which reads:

"That there may be no misunderstanding either to the effect of my letter of January 16th, 1912, or of my present intention, you are hereby notified that I do not intend to resign my office as director of schools on June 15th, 1912, or at any other time: that I intend to serve for the full period of my election, and that insofar as my letter of January 16th last to your president could or might be construed as a resignation on my part, it is hereby withdrawn."

The board refused to accept this communication, and on the 7th day of June, 1912, proceeded to elect Frank G. Hogan as director of schools to fill the vacancy theretofore declared by it to exist in that office.

By this action the relator seeks a writ of mandamus against the board of education and the members thereof, to compel them to restore him to the office of director of schools of the city school district of Cleveland and to recognize him as the lawful school director of said school district, notwithstanding any finding or claim of said board or its members that he has heretofore resigned from said office.

It was held in *State, ex rel Moyer*, v. *Baldwin*, 77 O. S., 533, that "mandamus is the proper remedy to restore a party to the possession of an office from which he has been illegally removed." If, therefore, the relator's contention that he has been illegally removed from his office is sound, he has chosen the proper form of action to secure restoration to that office.

To decide the relator's right to the relief sought requires a determination first, of the question whether the communication of June 16th, which the board of education treated as a resignation by the director of schools, was in fact a resignation.

The authorities are uniform to the effect that, in the absence of statutory requirement, no particular form of resignation is necessary. It need not be in writing and no special words are required. In the language of Macfarlane, J., in *State, ex rel Kirtley*, v. *Augustine*, 113 Mo., 25:

"It is only necessary that the incumbent evince a purpose to relinquish the office; that this purpose be communicated to the proper authority, and that this resignation be accepted, either in terms, or something tantamount thereto, such as appointing a successor," etc.

When the director of schools wrote the letter of January 16th to the president of the board stating that it was his intention to retire from the work at an early date after confidence and quiet were restored, and setting the limit of his service as June 15, 1912, he clearly evinced a purpose to relinquish his office. By his consent the letter was presented to the board, although

addressed only to the president. That body was justified by the language of the communication in treating it as a resignation to take effect not later than June 15, 1912.

Having reached the conclusion that the letter of January 16th was in legal effect a resignation, we are under the necessity of determining whether it was accepted by the board of education before the date of Mr. Orr's letter of May 20, 1912, addressed to Dr. Ashmun, president of the board of education, in which he says:

"Urged by à sense of duty, I withdraw my communication to you written under date of January 16, 1912."

It is contended by the defendants that no acceptance of the resignation was necessary, and we are cited to the case of *Reiter* v. *State of Ohio, ex rel*, 51 O. S., 74, where it was held:

"By the rules of the common law, a resignation of an office does not take effect so as to create a vacancy, until such resignation is accepted by the proper authority; but the common law in this regard is not in force in this state, to its full extent, and here a resignation without acceptance creates a vacancy, to the extent at least of giving jurisdiction to appoint or elect a successor, unless otherwise provided by statute."

In our opinion this case does not go to the extent of holding that a resignation to take effect in the future may not be withdrawn before it has been accepted. It is not necessary, however, to the decision of the case before us to determine that question, because on the facts we find that the board of education took such action at the meeting on January 16th as amounted to an acceptance of the director's resignation.

An acceptance of a resignation need not be indicated in any particular manner. It may be formally accepted or accepted by implication.

Thus in *Gates* v. *Delaware Co.*, 12 Ia., 405, it was held:

"The tendering of a resignation of a public office, in writing, to the officer authorized by law to receive it, and the filing of the same without objection by such officer, operates to vacate the office resigned according to the terms of such resignation."

In *Pace v. The People, ex rel*, 50 Ill., 432, the syllabus, paragraph 1, reads as follows:

"A county superintendent of schools addressed and presented to the county court of his county a paper as follows: 'The undersigned hereby tenders his resignation as county superintendent of schools.' This paper was received by the court and handed to their clerk to be placed on the files of the court, and was by him so filed. This was a virtual acceptance of the resignation, which was not subject to be revoked by the party presenting it. It was not necessary to enter an order upon the records accepting the resignation in form."

The board of education made the communication a part of its records. Its receipt was made the basis of dropping from the report of the committee on business management that part of the report recommending that the resignation of the director of schools be requested. The action of the board with respect to this communication indicated an acceptance of the director's resignation as effectually as though a formal resolution of acceptance had been adopted.

Having reached the conclusion that the resignation of the director of schools was accepted before any attempted withdrawal of the same was made, there remains but one other question to be decided in this action, and that is whether, after acceptance by the board of education, it could still be withdrawn by the director and the effect of its acceptance avoided.

On this subject the law is stated in 23 Am. & Eng. Encyc. of Law (Second Edition), p. 424, in the following language:

"An unconditional resignation to take effect immediately can not be withdrawn even with the consent of the power authorized to accept it, and it does not seem to be material that the resignation had not been accepted. A contingent or a prospective resignation, however, can be withdrawn at any time before it is accepted, and after it is accepted it seems that it may be withdrawn with the consent of the authority accepting where no rights have intervened."

Here, of course, the consent of the accepting authority to the withdrawal of the resignation is lacking and the attempted withdrawal was without legal effect.

It follows from the conclusions announced that the writ of mandamus prayed for by the relator must be denied and the petition dismissed.