We are of the opinion the court committed no error, and the order is affirmed.

*Order affirmed.*

Ross, P. J., concurs.

HAMILTON, J., concurring. I concur in the conclusion that the court committed no reversible error, if the question were properly before the court.

I am of opinion, however, that the order dismissing the garnishee is not a final order within the meaning of judgment, as contemplated under the Constitution. If the attaching creditor was not satisfied with the answer of the garnishee, the statute provides for a direct action by him against the garnishee, in which action he may ascertain, after trial, the correctness of the answer of the garnishee before the trial court.

This remedy leads to the conclusion that the mere discharge of the garnishee by the trial court was not a final order, amounting to a judgment.

BABBITT, APPELLEE, *v.* SHADE ET AL., APPELLANTS.

(Decided June 14, 1938.)

*Mr. Randolph Walton,* for appellee.
*Mr. R. P. Barnhart,* for appellants.

GIEGER, J.  This matter is now pending on an application for rehearing.  The action was based upon an injunction.  The court in the opinion heretofore rendered, held:

"An action by injunction is premature and may be resorted to by an incumbent of a public office only to protect his position against the interference of an adverse claimant whose title is in dispute.  It is not an appropriate remedy to try the title or determine questions concerning the authority to make appointments thereto."

It was ordered that the petition of the plaintiff be dismissed on the ground that the facts pleaded did not entitle plaintiff to injunction.

Counsel, in his memorandum, again asserts the propriety of injunction under the facts developed in this case.  We have given consideration to the argument of counsel, but conclude that we must adhere to our former judgment in the matter.

Counsel properly states that a further question is involved, being:  "Can a prospective resignation, effective in the future, be withdrawn after it has been accepted by the board having appointive power?"

Upon this question the court made no decision, and counsel now urges that the plaintiff is entitled to a

ruling of the court upon this question. Counsel points to the provisions of Section 12223-21, General Code, in which it is provided, among other things, "All errors assigned shall be passed upon by the court."

This was an error assigned and the court did not pass upon it after it had determined that the plaintiff had no right to injunctive relief. After an examination of the case of *Kramer* v. *T. & O. C. Rd. Co.,* 53 Ohio St., 436, at page 445 *et seq,* 42 N. E., 252, we have arrived at the conclusion that it is the duty of this court to pass upon the second question, even though this court may hold, and adhere to the holding, that injunction was not the proper proceeding to try the questions at issue. The case cited gives very cogent and convincing reasons why this provision of the statute should be followed, and we, therefore, arrive at the conclusion that we should pass upon the other vital question.

It is not necessary to again recite the facts involved in this case. We have before us two decisions which seem to be in conflict. In the case of *State, ex rel. Orr,* v. *Board of Education,* 23 C. C. (N. S.), 98, 34 C. D., 140, it is stated in the syllabus:

"A resignation from office, to become effective at some future time, can not be withdrawn without the consent of the accepting party."

In the case of *State, ex rel. Staley,* v. *City of Lakewood,* 47 Ohio App., 519, 192 N. E., 180, it is stated in the syllabus:

"4. Officer's written resignation, delivered to board or officer authorized to receive it, is *prima facie,* but not conclusive, evidence of his intention to relinquish office.

"5. Officer's resignation to take effect in future may be withdrawn before effective date thereof even against will of body which has accepted it.

"6. City police officer, declaring intention to relin-

quish position at future date in letter of resignation, *held* entitled to withdraw resignation before such date, in absence of act of relinquishment of position (Section 486-16, General Code)."

Both cases involved proceedings in mandamus, as distinguished from the present action for injunctive relief.

The *Orr case* was decided before the passage of the present Civil Service Act and in it no reference is made to civil service. The latter case considered the effect of the civil service provisions.

The plaintiff in this case alleges that he was appointed to the position from the eligible list established by competitive examination conducted by the State Civil Service Commission and alleges that notwithstanding his civil service status the defendants requested and demanded, wholly for political reasons, that he resign and that said act was in violation of Sections 486-2, 486-17 and 486-27, General Code.

As pointed out in our former opinion, there is no evidence in the record supporting the allegation that his resignation was demanded wholly for political reasons and, in fact, no evidence touching the reasons for the tendered resignation. The bare question presented is whether the resignation of one holding a civil service position, to be effective at a future date, may be withdrawn before the arrival of that date, but after it has been accepted by the board having the appointive power.

In the case of *State, ex rel. Staley,* v. *City of Lakewood, supra,* the court, in its opinion, has so well covered the principles to control in a case of the resignation of one holding a civil service position as to leave little room for further comment by this court. The fact that the *Staley case* relates to a resignation affecting a civil service position may be sufficient to distinguish it from the *Orr case.*

However that may be, we regard the *Staley case* as a more logical presentation of the principles which, in our judgment, should control than the *Orr case,* and therefore, without further comment, we announce our judgment that the plaintiff in this case had a right, under the circumstances disclosed, to withdraw his tendered resignation before its effective date, even though the same may have been accepted by the appointing officers and even though such officers may now be opposed to his continuance in the office and we so hold on the error assigned involving this question.

Inasmuch as we still adhere to our view that an injunction was not the appropriate remedy, we adhere to our former opinion that the action should be dismissed and that the entry should disclose our judgment on this assignment of error, in accordance with the above opinion.

*Judgment accordingly.*

Barnes, P. J., and Hornbeck, J., concur.