By the Court.
 

 Does the law specially enjoin upon the respondents a duty to reinstate and restore the relator to his former position as a patrolman on the police force of the city of Cleveland? The Court of Appeals held that it does not.
 

 The relator’s first contention is that his purported resignation was not intended to be permanent and is null and void. He insists, therefore, that he has not become separated from the service.
 

 The second amended petition discloses a rule of the Civil Service Commission of Cleveland' which provides that a resigned employee may be reinstated within one year from the date of his resignation. However, it is disclosed further that this rule is not available to an employee who resigns while charges are pending against him, as did the relator. Likewise, the relator quotes and relies upon Section 7 of Rule XII of the Civil Service Commission of Ohio which provides that the “acceptance by an appointing officer of the resignation of a person discharged before final action by the civil service commission will be considered a withdrawal of the charges, and the separation of the employee thus resigning shall be entered as a resigna
 
 *311
 
 tion, and the proceedings shall be dismissed without judgment. ’ ’ The relator concedes that he received the benefit of these provisions, and he does not contend that there was a failure to withdraw the charges or dismiss the proceedings then pending against him. With- this advantage he may not escape the effect of the integral part of the rule requiring that “the separation of the employee thus resigning shall be entered as a resignation. ’ ’ Conceding that he and the assistant director of public safety were mistaken as to the rule prohibiting a withdrawal of a resignation submitted by an employee while charges are pending against him, there was no misunderstanding with reference to the two important features that the relator did in fact resign by means of an unconditional writing, and that he thereby obtained the advantage of avoiding further prosecution of the charges. Then too, it would seem that the relator should not be permitted to absolve himself from all responsibility for inquiry as to the rule relating to the withdrawal of a resignation. Thus, the resignation was not null and void, and the relator did become separated from the service.
 

 The relator relies upon the decision of this court in the case of
 
 Williams, Dir.,
 
 v.
 
 State, ex rel. Gribben,
 
 127 Ohio St., 398, 188 N. E., 654. However, the factual situations are dissimilar and readily distinguishable, inasmuch as there is no claim of threats, coercion or fraud in the instant controversy.
 

 The relator’s second contention is that, even if the validity and effectiveness of his resignation be conceded, the respondents nevertheless are under a duty to reinstate him.
 

 He relies upon the provisions of Section 486-16, General Code, and Section 7 of Rule X of the Civil Service Commission of Ohio. However, these can be of no assistance to him. The latter patently relates to a ■satisfactory employee who resigns and then decides to reenter the service within one year thereafter. The
 
 *312
 
 former provides the four conditions that (1) the employee must have been separated from the service without delinquency or misconduct on his part, (2) the consent of the civil service commission is required, (3) the reinstatement must be within one year from the date of the separation from the service, and (4) a vacancy must exist. A study of the relator’s second amended petition discloses that there was no compliance except with the requirement that his application be filed within one year after his separation from the service.
 

 Under these circumstances the Court of Appeals was not in error in sustaining the demurrer of the respondents on the ground that in his second amended petition the relator does not state facts sufficient to constitute a cause of action.
 

 Judgment affirmed.
 

 Weygandt, C. J., Turner, Williams, Matthias, Hart, Zimmerman and Bettman, JJ., concur.