THE STATE, EX REL. KRAFT, APPELLEE, *v.* CITY OF
MASSILLON ET AL., APPELLANTS.

(No. 2427—Decided February 6, 1951.)

*Messrs. Mills & Mills* and *Messrs. Woodle & Wachtel,* for appellee.

*Mr. Robert K. Willison,* city solicitor, *Mr. Elson Wefler,* and *Mr. Sherlock Evans,* for appellants.

MONTGOMERY, P. J. The relator, appellee herein, had been for some years a policeman in the city of Massillon. In this action in the Court of Common Pleas the prayer was for a writ of mandamus. It was alleged in the petition that relator had submitted his resignation as a member of the police force on

August 3, 1949, to take effect on August 10, 1949, but that on August 8, 1949, he withdrew the resignation and notified the respondents, appellants herein, of such withdrawal. The relator alleged further that the respondents refused to return his resignation, badge, and personal equipment which he had surrendered, and refused to pay him any salary after August 3, 1949.

The prayer of the petition was that the respondents be required to reinstate relator as an active member of the force and to return to him his resignation and badge and other equipment, and that the respondent treasurer be required to pay him his accumulated salary from August 3, 1949.

However, it is stipulated that relator was paid up to August 10, 1949, and that, so far as the salary is concerned, the amount claimed should start as of that date.

The respondents in their amended answer admitted that relator had been a police officer in the employ of the city of Massillon prior to August 3, 1949, and averred that on such date relator committed acts of misconduct in that he took beer to a female prisoner in the city jail and sought improper relations with her. Respondents averred further that the relator, upon being detected in the commission of such acts, surrendered his badge of authority and revolver to the chief of police and tendered his resignation. It is averred also that relator, when tendering such resignation, represented that there was one week of vacation due him and requested that the resignation be effective one week after the date submitted, with separation to take place immediately, that is, on August 3, 1949.

It was also set forth in the amended answer that the mayor of the city of Massillon gave written notice of

the acceptance of the resignation and notified the city civil service commission of such resignation and acceptance.

Respondents admitted that they refused to recognize relator as a member of the police force, to return him to duty, or to return his badge of authority.

A reply was filed, which was, in effect, a general denial of the affirmative allegations of the amended answer.

The record shows clearly that on the night relator was detected in forcing his attentions upon the female prisoner he did propose what was averred in the amended answer; that he submitted his resignation effective one week later; that he voluntarily surrendered his revolver and badge; that he did not work the remainder of his shift that night, but departed from the city premises at once; and that the remainder of his shift was worked by another patrolman. Thereafter, and before the expiration of the week, relator attempted to withdraw his resignation and demanded his reinstatement. As to these facts there is no real dispute.

The order of the trial court was that a writ of mandamus issue directing the respondents to restore the relator to the police force.

From that order this appeal was perfected.

Counsel for relator contend that the sole question involved in this case is the right of relator to withdraw his resignation before its effective date and contend further that all the evidence concerning the circumstances surrounding his resignation was incompetent.

We have read the entire record and do not regard such evidence as incompetent, because it reflects, at least, upon the question of relator's relinquishment of the office.

It is not necessary to comment upon that evidence

in any detail. It is lurid in the extreme. The trial judge, in the first paragraph of his opinion, said: "There is no doubt that the relator should have been removed from the Massillon police force and the only question to be determined is as to whether his removal was accomplished according to law."

With this pronouncement we are in complete accord, and in view of the record it is inconceivable that this man should ever be permitted again to serve as a policeman in the city of Massillon or anywhere else.

However, the trial judge, after making this preliminary statement, decided the question in favor of the relator and based his conclusion upon two Court of Appeals decisions, to wit, *State, ex rel. Staley,* v. *City of Lakewood,* 47 Ohio App., 519, 192 N. E., 180, and *Babbitt* v. *Shade,* 60 Ohio App., 100, 19 N. E. (2d), 778. The latter case is of no particular importance to us, because the statement of facts contained in the opinion is very meager and the court in deciding the case in this respect simply followed the earlier *Staley case.*

The trial court stressed in particular the fifth paragraph of the syllabus in the *Staley case,* which is:

"Officer's resignation to take effect in future may be withdrawn before effective date thereof even against will of body which has accepted it."

However, it seems to us that greater stress should be laid upon paragraphs three and six of the syllabus, which are:

"3. To constitute complete and operative resignation of public officer, there must be intention to relinquish part of term, accompanied by act of relinquishment."

"6. City police officer, declaring intention to relinquish position at future date in letter of resignation, *held* entitled to withdraw resignation before such date,

in absence of act of relinquishment of position (Section 486-16, General Code)."

In the opinion in the *Staley case*, on pages 523 and 524, it is stated:

"It will be observed that the position which Staley held prior to his tender of resignation has not been vacated; that no one has been appointed in his place; that he has reported for work daily, and has at all times been ready, able and willing to perform any of the duties which might be assigned to him as a member of the police department of the city of Lakewood. There are no charges pending against the officer for official misconduct of incumbency.

"Furthermore, between December 7th, the date of Staley's tender of resignation, and December 15th, the date when the same was to become effective, he was on duty, and did all that was required of him in the performance of his duty as a police officer in the city of Lakewood. He has at no time relinquished the possession of his office."

In arriving at our conclusion it is not necessary to find that it is in conflict with the judgment of the Court of Appeals in the *Staley case*. In the instant case another man has taken relator's place. Although relator did offer to return to work, he has not returned daily, and although no formal charges were filed against him, nevertheless, when confronted with actual misconduct, he tendered his resignation. In order to avoid the preferring of charges and in order to get the benefit of the week's vacation pay, he relinquished possession of his office as of August 3, 1949, by the surrender of his badge and revolver and by leaving his job during his shift or tour of duty.

There is a divergence of authority in other states as to whether a public officer who freely tenders an absolute and unconditional resignation to take effect

in the future may withdraw it after its acceptance, even though the time it is to take effect has not arrived. See 43 American Jurisprudence, 25, Section 170.

We hold, as hereinbefore indicated, that evidence as to the circumstances surrounding the resignation is competent, because, when developed, as was done in the instant case, the evidence shows a real consideration for the relinquishment of the office.

We call attention to the case of *State, ex rel. Waldman,* v. *Burke, Mayor,* 152 Ohio St., 213, 216, 88 N. E. (2d), 578, where the court, in referring to a previous decision said: "This court indicated the view that conduct of an employee may properly be regarded as constituting a resignation from the position held by him."

We further direct attention to the case of *State, ex rel. Lyons,* v. *Ness, Dir. of Pub. Safety,* 139 Ohio St., 309, 39 N. E. (2d), 849, which, although not directly in point, is interesting and casts some light upon the attitude of our Supreme Court toward this kind of a situation. Although all the conditions mentioned in that case are not present in the instant case, some of them are, as will be shown by a mere reading of the following quotation:

"The relator's second contention is that, even if the validity and effectiveness of his resignation be conceded, the respondents nevertheless are under a duty to reinstate him.

"He relies upon the provisions of Section 486-16, General Code, and Section 7 of Rule 10 of the Civil Service Commission of Ohio. However, these can be of no assistance to him. The latter patently relates to a satisfactory employee who resigns and then decides to re-enter the service within one year thereafter. The former provides the four conditions that (1) the em-

ployee must have been separated from the service without delinquency or misconduct on his part, (2) the consent of the civil service commission is required, (3) the reinstatement must be within one year from the date of the separation from the service, and (4) a vacancy must exist. A study of the relator's second amended petition discloses that there was no compliance except with the requirement that his application be filed within one year after his separation from the service.''

In the instant case, the question naturally arises as to whether relator, in view of the state of the record, is estopped from now insisting upon his restoration to his position. Estoppel was not directly pleaded, but, nevertheless, the facts set forth in the amended answer, to which we have directed attention, constitute, in effect, an averment of estoppel.

Why should not estoppel apply in an action in mandamus, even though such action is directed to officials on the theory that they are required to perform a definite act? If a man may be estopped in an ordinary action, is not the reason still stronger why he should be estopped when he seeks an extraordinary remedy?

In this connection, we call attention to another statement contained in the opinion in the case of *State, ex rel. Lyons*, v. *Ness, supra,* where the court said, on page 311, ''Then too, it would seem that the relator should not be permitted to absolve himself from all responsibility for inquiry as to the rule relating to the withdrawal of a resignation.''

On the same theory, relator here should not be permitted to absolve himself from the result of his own act which was performed for his own benefit and in consideration of which the city and its authorities surrendered certain rights to proceed against him.

We can come to no conclusion other than that the relator did relinquish his position on August 3, 1949. His attempted withdrawal of his resignation, of course, was an afterthought. The city authorities relied and acted upon his resignation.

As indicated, the real question is the payment of salary after August 10, 1949, for services not rendered. In view of the record, we decline to sanction any such claim or position, and we hold that relator was bound by his act of August 3, 1949, and that the city authorities, relying upon it, can not be penalized therefor.

The judgment of the Court of Common Pleas is reversed, and the petition of the relator is dismissed.

*Judgment reversed.*

McCLINTOCK and PUTNAM, JJ., concur.