DAVIS, APPELLANT, *v.* MARION COUNTY ENGINEER, APPELLEE.

[Cite as Davis *v.* Marion Cty. Engineer (1991), 60 Ohio St. 3d 53.]

(No. 90-561—Submitted February 6, 1991—Decided May 29, 1991.)

*Stewart Jaffy & Associates,* *Stewart R. Jaffy* and *Renny J. Tyson,* for appellant.

*Jim Slagle,* prosecuting attorney, for appellee.

SWEENEY, J.    This is a case of first impression before this court. As noted in Annotation (1962), 82 A.L.R. 2d 750, 753, this court has not yet considered in a written opinion the question of whether, and under what circumstances, a public employee or officer may withdraw his or her prospective resignation before its effective date. For the reasons that follow, we reverse the decision of the court of appeals below and reinstate the order of the PBR.

The case law in Ohio within this area of the law is quite sparse. In *State, ex rel. Orr,* v. *Cleveland Bd. of Edn.* (1913), 87 Ohio St. 528, 102 N.E. 1133, this court affirmed without opinion the decision of the Circuit Court of Cuyahoga County, which essentially held that a public employee who resigned from office effective at a future date could not withdraw such resignation absent the consent of the accepting party. *State, ex rel. Orr,* v. *Cleveland Bd. of Edn.* (1912), 23 Ohio C.C. (N.S.) 98, 34 Ohio C.D. 140. However, as noted by plaintiff and the ALJ below, *Orr* was decided prior to the implementation of the civil service laws which created certain rights and responsibilities unique to public employment. See 103 Ohio Laws 698-714 (1913). Under such circumstances, we believe that even if *Orr* is entitled to some precedential value, it is readily distinguishable from the cause *sub judice.*

Subsequent to the creation of civil service in the state of Ohio pursuant to Section 10, Article XV of the Ohio Constitution, an Ohio appellate court had the opportunity to determine the effectiveness of a withdrawal of resignation by a public employee in *State, ex rel. Staley,* v. *Lakewood* (1934), 47 Ohio App. 519, 192 N.E. 180. In *Staley,* the court held that the public employee was entitled to withdraw his resignation before the effective date, since the public employee had not actually relinquished his position. The *Staley* court found that a withdrawal of resignation before its effective date is permissible even if the withdrawal of resignation is "* * * against the will of the body to which it is tendered and * * * accepted * * *. *State, ex rel. Ryan,* v. *Murphy* * * * [(1908), 30 Nev. 409, 97 P. 391]." *Id.* at 525, 192 N.E. at 182.

In the case of *Babbitt* v. *Shade* (1938), 60 Ohio App. 100, 13 O.O. 447, 19 N.E. 2d 778, the Franklin County Court of Appeals upheld the withdrawal of resignation of a public employee prior to its effective date, even though it was accepted by the ap-

pointing authority and even though the appointing authority was opposed to the employee's continuance in public employment. The court reasoned: "* * * we regard the *Staley* case as a more logical presentation of the principles which, in our judgment, should control than the *Orr case* * * *." *Id.* at 103-104, 13 O.O. at 448-449, 19 N.E. 2d at 780.

In *State, ex rel. Kraft,* v. *Massillon* (1951), 89 Ohio App. 339, 46 O.O. 129, 102 N.E. 2d 39, the Stark County Court of Appeals essentially held that a withdrawal of resignation after the public employment was actually relinquished would not be valid, and that the doctrine of estoppel could be invoked against the public employee, since the public employer relied upon the resignation and filled the vacancy created thereby.

In addition to the foregoing Ohio cases, a review of cases from other jurisdictions concerning a withdrawal of resignation from public employment indicates that in the absence of a constitutional or statutory provision to the contrary, "* * * the greater weight of authority holds that the resignation of a public office cannot take effect until it is accepted * * *." Annotation, *supra,* at 751. While we find that *Staley* and *Babbitt* come close to articulating the standard which we envision as being the most appropriate to apply in resignation withdrawal cases, we believe that a more balanced rule of law is necessary in order to resolve cases arising in this particular area of law — one that is fair to the employer as well as the employee.

In our view, the crucial factor in determining the legal effectiveness of a withdrawal of resignation from public employment prior to its effective date is the manner of acceptance conveyed by the employer to the employee. In this vein, we are of the opinion that acceptance of a tender of resignation from public employment should be more than simply the receipt of the letter of resignation. Acceptance of a resignation should be in writing, and should encompass some type of affirmative act that clearly indicates that the tender of resignation is accepted by someone empowered by the public employer to do so. See *Reiter* v. *State, ex rel.* (1894), 51 Ohio St. 74, 36 N.E. 943, paragraph one of the syllabus. Absent acceptance in this manner, the public employee should be free to withdraw his or her tender of resignation prior to its purported effective date.

While the better practice for all concerned would require that the tender of resignation, acceptance of resignation, or withdrawal of resignation prior to acceptance be set forth in writing, we find it would be unwise to totally foreclose any of these actions from being accomplished orally. In cases or controversies involving an oral tender, acceptance or withdrawal of resignation, clear and convincing evidence must be proffered to support the validity of such actions if performed in such manner. Thus, while the presence of a memorandum or writing will undoubtedly assist a board or a court in determining the legal effect of a tender, acceptance or withdrawal of resignation from public employment, we wish to underscore that a memorandum or writing of any of the foregoing actions is not required, but merely preferred.

Therefore, we hold that a public employee may rescind or withdraw a tender of resignation at any time prior to its effective date, so long as the public employer has not formally accepted such tender of resignation. We further hold that acceptance of a tender of resignation from public employment occurs where the public

employer or its designated agent initiates some type of affirmative action, preferably in writing, that clearly indicates to the employee that the tender of resignation is accepted by the employer.

In applying the foregoing standard to the instant cause, we determine that the PBR acted properly in finding plaintiff's withdrawal of resignation to be timely, and that such finding was, pursuant to R.C. 119.12, supported by reliable, probative and substantial evidence and was in accordance with law. Thus, under the facts developed herein, the courts below erred in reversing the order of the PBR which essentially held plaintiff's withdrawal of resignation to be legally effective, timely and equitable.

Therefore, we reverse the judgment of the court of appeals, and reinstate the order of the PBR.

*Judgment reversed.*

DOUGLAS, H. BROWN and RESNICK, JJ., concur.

MOYER, C.J., concurs in part and dissents in part.

WRIGHT and HOLMES, JJ., separately dissent.

MOYER, C.J., concurring in part and dissenting in part. I concur in the syllabus. However, I dissent from the majority's application of the syllabus to the facts of this case. The conduct of appellee, the Marion County Engineer, upon being advised by appellant that he was resigning from his job constitutes "[a]cceptance of a tender of resignation from public employment" because the engineer took the affirmative action of urging appellant to carefully consider his decision, requested appellant's recommendations

for his replacement, and interviewed nine persons to fill the vacancy created by appellant's resignation. It appears that that conduct occurred before appellant changed his mind and advised appellee that he wished to keep his job.

Because I believe the conduct of appellee "clearly indicate[d] to the * * * [appellant] that the tender of resignation * * * [was] accepted," I would affirm the judgment of the court of appeals.

HOLMES, J., dissenting. I have no specific objection to the law pronounced by the majority in its syllabus; it is only to its application to the facts here that I object. As noted by Justice Wright in his dissent, the facts presented here clearly show that the public employer initiated an affirmative action which was obviously known to this public employee, *i.e.,* that the tender of resignation of the public employee had been accepted by the public employer.

WRIGHT, J., dissenting. I concur with the syllabus law as propounded by the majority. I dissent only because I believe the appellee county engineer did what the majority said was required, *i.e.,* initiate "some type of affirmative action * * * that clearly indicates to the employee that the tender of resignation is accepted by the employer."

Consider, if you will, the following actions taken by the engineer *after* the appellant had handed in a letter of resignation:

(1) He interviewed three prospective replacements that same Friday and another six the following Monday; (2) he specifically rejected the appellant's request to withdraw his letter of resignation on Monday; (3) two days later the appellant attempted to give

the engineer a letter withdrawing the resignation and again the engineer refused to accept it.

It seems to me that interviewing replacements is about as clear an indication of an impending vacancy as can be given. Just in case the appellant missed the import of that activity — though it would have been hard to miss since he recommended two people to fill his job — the engineer twice *told* him that his resignation had been accepted and could not be withdrawn. The majority acknowledges, nay, it "underscores," the rule that formal acceptance of a resignation need not be in writing. The majority stops short, however, of providing some guidance as to what act, in lieu of a letter, would constitute an affirmative action. Breaking all the departing employee's pencils in front of the other staff might suffice, though it seems childish. Perhaps it would be enough if the employer starts interviewing replacements and tells the employee that his resignation has been accepted and cannot be withdrawn.