DAVIDSON, Appellant and Cross-Appellee,

v.

VILLAGE OF HANGING ROCK, Appellee and Cross-Appellant.

[Cite as *Davidson v. Hanging Rock* (1994), 97 Ohio App.3d 723.]

Court of Appeals of Ohio,
Lawrence County.

No. 93 CA 47.

Decided Sept. 16, 1994.

*J. Rick Brown,* for appellant and cross-appellee.

*David McCown,* for appellee and cross-appellant.

---

PETER B. ABELE, Judge.

This is an appeal from a Lawrence County Common Pleas Court judgment dismissing a mandamus action filed by former village of Hanging Rock Police Chief, Paul Davidson, plaintiff below and appellant herein, against the village of Hanging Rock, defendant below and appellee herein.

Appellant assigns the following errors:

FIRST ASSIGNMENT OF ERROR:

"The trial court erred in sustaining the defendant's objections to the referee's report and finding that appellant did not timely withdraw his application to retire."

SECOND ASSIGNMENT OF ERROR:

"The trial court erred in failing to find the appellant's application for retirement as being conditioned upon his eligibility to receive retirement benefits."

THIRD ASSIGNMENT OF ERROR:

"The trial court erred in failing to find that appellant's application for retirement was void due to mutual mistake of fact."

FOURTH ASSIGNMENT OF ERROR:

"The trial court erred in finding no violation of the Ohio public meetings law."

Appellee assigns one cross-assignment of error:

"The court could have and should have also determined that Davidson's claim was barred by laches."

Appellant began his career in the village police department in 1962. In 1972, appellant became chief of police. On March 27, 1990, appellant submitted a letter to the village clerk, stating in full:

"Date 3–27–90

"to whom it may concern.

"I hereby make application for Retirement

"Effective 4–16–90 [*sic* ]"

On April 2, 1990, the village council and the village mayor interpreted appellant's letter to be a letter of resignation and accordingly accepted appellant's resignation.

Appellant testified that he first learned of the acceptance of his resignation when he read an April 3, 1990 newspaper account of the village meeting. In a May 8, 1990 newspaper article, appellant explained that he did not resign, but rather made an application to retire. On April 12, 1990, appellant delivered the following letter to the village clerk:

"April 12, 1990

"Tony Hopper
"Village of Hanging Rock
"Rt. 4 Box 46
"Ironton, Ohio 45638

"I, Paul B. Davidson, withdraw my application for retirement; on this day, April 12, 1990.

"Paul B. Davidson
"Chief of Police"

At a May 7, 1990 village council meeting, the council heard appellant's objection to the fact the council construed his March 27, 1990 letter as a letter of resignation. Appellant told the council that he did not resign, but rather made an application for retirement. The council voted to obtain legal advice before accepting the minutes of the April 2, 1990 meeting wherein council accepted appellant's resignation.

During a May 11, 1990 meeting, the village council met in executive session. As a result of the executive session, council approved the minutes of the April 2, 1990 meeting wherein council accepted appellant's resignation.

On May 2, 1991, appellant filed the instant action seeking a writ of mandamus ordering the village to reinstate him as chief of police and ordering the village to grant him back pay with interest. When answering the complaint, the village asserted that appellant "communicated his resignation to Council and Mayor and also stated his intent to apply for his retirement." The village further asserted that appellant abandoned his position by not appearing for work on April 16, 1990.

On April 13, 1993, Referee John E. Kehoe issued a lengthy report finding that appellant had intended to resign, not merely to apply for retirement benefits. The referee wrote in pertinent part as follows:

"4. The plaintiff has testified that when he submitted his application for retirement, he meant for the village to begin the process of securing his retirement. However, he has also testified that he did not intend to work beyond the period of two (2) weeks between the time of the April 2nd submission of the application and the effective date thereof. The clerk of the village was quite certain during his conversation with the plaintiff on March 2[7]th that it was indeed the plaintiff's intention to give up his employment with the village. Based on all the evidence, the undersigned is of the opinion that on March 2[7]th when the letter was delivered to the clerk by the plaintiff, that the plaintiff did in fact intend to quit his job. Accordingly, it was within the bounds of propriety for the village council to accept the letter as one of resignation. * * * "

The referee, however, found that the village failed to notify appellant of the village's acceptance of the resignation before appellant withdrew the resignation. Thus, the referee found, appellant effectively withdrew the resignation and the village improperly removed appellant from his position as chief of police. The referee recommended that the court issue a writ of mandamus.

Both parties filed objections to the referee's report. The village argued that the referee misconstrued the law by requiring the village to communicate its acceptance of a resignation directly to the employee resigning. Appellant objected to the fact the referee did not "reach the issues" of whether appellant's application for retirement was conditioned upon his eligibility to receive retirement benefits and whether appellant's application for retirement was void due to a mutual mistake of fact. Appellant further argued that the referee erred by finding that the public meetings law violation constituted harmless error and by finding that his application for retirement was a resignation.

On December 3, 1993, the court approved in part and rejected in part the referee's report. The court determined that the village council's acceptance of appellant's letter terminated appellant's employment. The court wrote in pertinent part as follows:

"It is the opinion of the court that plaintiff's letter of March 27th, which was accepted by the Village Council as one of resignation, was proper and council's acceptance of the letter as a resignation was termination of the employment of the plaintiff as a voluntary termination by plaintiff."

Appellant filed a timely notice of appeal.

I

In his first assignment of error, appellant asserts the trial court erred in sustaining the village's objections to the referee's report. In particular, appellant argues that the village failed to accept his resignation prior to the time he withdrew the resignation.

Initially, we note that the trial court may not issue a writ of mandamus unless appellant demonstrates that (1) he has a clear legal right to the relief prayed for; (2) the village is under a clear legal duty to perform the requested act; and (3) he has no plain and adequate remedy at law. *State ex rel. The Fairfield Leader v. Ricketts* (1990), 56 Ohio St.3d 97, 564 N.E.2d 486; *State ex rel. Pressley v. Indus. Comm.* (1967), 11 Ohio St.2d 141, 40 O.O.2d 141, 228 N.E.2d 631, paragraph ten of the syllabus.

Appellant relies upon *Davis v. Marion Cty. Engineer* (1991), 60 Ohio St.3d 53, 573 N.E.2d 51, syllabus, in support of his argument that the village failed to accept his resignation prior to the time he withdrew the resignation. In *Davis* the court held in the syllabus:

"1. A public employee may rescind or withdraw a tender of resignation at any time prior to its effective date, so long as the public employer has not formally accepted such tender of resignation.

"2. Acceptance of a tender of resignation from public employment occurs where the public employer or its designated agent initiates some type of affirmative action, preferably in writing, that clearly indicates to the employee that the tender of resignation is accepted by the employer."

In support of his argument that the village had a duty to communicate directly to appellant its acceptance of appellant's resignation, appellant cites the following portion of *Davis:*

"In our view, the crucial factor in determining the legal effectiveness of a withdrawal of resignation from public employment prior to its effective date is the

manner of acceptance conveyed by the employer to the employee. In this vein, we are of the opinion that acceptance of a tender of resignation from public employment should be more than simply the receipt of the letter of resignation. Acceptance of a resignation should be in writing, and should encompass some type of affirmative act that clearly indicates that the tender of resignation is accepted by someone empowered by the public employer to do so. See *Reiter v. State, ex rel.* (1894), 51 Ohio St. 74, 36 N.E. 943, paragraph one of the syllabus. Absent acceptance in this manner, the public employee should be free to withdraw his or her tender of resignation prior to its purported effective date." *Id.*, 60 Ohio St.3d at 55, 573 N.E.2d at 53–54.

Appellant argues that although the village voted to accept appellant's resignation, that acceptance is not effective until the village communicated it to appellant.

We find that when the village council voted to accept appellant's resignation, the village council acted affirmatively to accept the resignation. *Davis* requires nothing more than "some type of affirmative action, preferably in writing, that clearly indicates to the employee" that the resignation has been accepted. The village council's vote, duly taken in a public meeting, satisfies the *Davis* requirement. We question whether the village council could have "acted affirmatively" without voting on the matter.

Appellant argues that because the *Davis* opinion uses the word "conveyed" in the phrase "the manner of acceptance conveyed by the employer to the employee," the village had a duty to communicate its acceptance of the resignation directly to appellant. We find no merit to appellant's argument for two reasons. First, we note the *Davis* syllabus does not require acceptance of a resignation to be conveyed or communicated directly to the employee.[1] Second, we note a major distinction between *Davis* and the case *sub judice.* In *Davis,* the public employee worked for the county engineer. County engineers do not generally conduct business in meetings open to the public. In the case *sub judice,* however, appellant worked directly for the village. Villages and other political subdivisions conduct their business in public and record their actions in records open to the public. See, *e.g.,* R.C. 731.17. When the village met and voted to accept appellant's resignation, the village conveyed its acceptance of appellant's resignation not only to appellant, but to the public as a whole. We find that *Davis* requires nothing more.

Accordingly, based upon the foregoing reason, we overrule appellant's first assignment of error.

---

1. We note Rule 1(B) of the Supreme Court Rules for the Reporting of Opinions states that the syllabus, and not the opinion, states the controlling point or points of law.

## II

In his second assignment of error, appellant asserts the trial court erred in failing to find that appellant conditioned his application for retirement upon his eligibility to receive pension benefits. Appellant argues that a March 7, 1990 letter to the village from the Police and Firemen's Disability and Pension Fund led him to believe that he would be eligible for retirement benefits. Appellant further argues that the village's failure to make statutorily required contributions to the Public Employees Retirement System and the Police and Firemen's Disability and Pension Fund for his retirement should estop the village from contesting his attempt to withdraw his resignation.

The referee wrote in pertinent part as follows with regard to the issue of whether appellant conditioned his resignation on his eligibility for pension benefits:

" * * * For a considerable period of time prior to the Spring of 1990 the plaintiff had considered retiring. He had discussed this matter with the Clerk of the Village, Tony Hopper, for at least a year prior to the events of that spring. About six (6) months prior to said period, a 'fact finding mission' was begun to determine if the plaintiff was eligible for any type of retirement. The said Clerk had discovered upon taking office that no contributions had been made by the village toward any type of retirement for the plaintiff, nor had any funds been withheld from his wages to contribute to the same. When monies were later withheld from the plaintiff's wages, they were contributed to P.E.R.S. when they should have been paid into the Police and Firem[e]n's Disability and Pension Fund. The situation revolving around the plaintiff's benefits available upon retirement were, at the best, a mess.

" * * * The plaintiff advised the Clerk that he wished to have the [application for retirement] letter read at the April 2nd meeting, and that two (2) weeks from said date he would be 'out of here.' There was also discussion between the plaintiff and the Clerk at that same time about the Plaintiff's retirement. * * * The plaintiff advised the Clerk that he would file for his retirement after his last day of service, and that if there was insufficient money in the fund for his retirement he would sue the Village for that amount."

The referee found that when appellant submitted his application for retirement, he did not intend to work beyond the April 16, 1990 effective date stated in the application for retirement.

When reviewing evidence presented at trial, an appellate court must not reweigh the evidence. In *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus, the Ohio Supreme Court held:

"Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." See, also, *Vogel v. Wells* (1991), 57 Ohio St.3d 91, 566 N.E.2d 154; *Ross v. Ross* (1980), 64 Ohio St.2d 203, 18 O.O.3d 414, 414 N.E.2d 426.

An appellate court should not substitute its judgment for that of the trial court when there exists competent, credible evidence going to all the essential elements of the case. In *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 410, 461 N.E.2d 1273, 1276, the court wrote:

"The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony."

In the case *sub judice*, we find the record contains sufficient competent, credible evidence to support the referee's finding that appellant intended to resign without regard to whether he would be eligible for retirement benefits. Appellant testified on cross-examination that he did not intend to work after April 16, 1990, the effective date he listed in his March 27, 1990 letter. Although appellant argues that his letter was conditioned on his eligibility to receive retirement benefits, no evidence exists in the record to prove appellant discussed the conditional nature of the letter with the village. When asked to give the date prior to March 27, 1990 that he last talked to the village clerk about retirement, appellant answered "probably six months or more."

The village clerk testified that he was quite certain appellant intended to give up his employment with the village, regardless of whether he would have difficulty obtaining retirement benefits from the village. The village clerk further testified that appellant, when submitting the letter, stated he would "be out of here" and he was "sick and tired" of his position. Several village council members and the current mayor testified they interpreted the letter as a resignation, not an application seeking retirement benefits.

Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error.

## III

In his third assignment of error, appellant asserts that the trial court erred by failing to find that appellant's application for retirement was void due to mutual mistake of fact. Appellant argues that both he and the village mistakenly believed he was eligible for retirement benefits.

In *Reilley v. Richards* (1994), 69 Ohio St.3d 352, 352–353, 632 N.E.2d 507, 508–509, the court, writing in pertinent part as follows, recognized the doctrine of mutual mistake of fact:

"This court recognizes the doctrine of mutual mistake as a ground for the rescission of a contract under certain circumstances. In *Irwin v. Wilson* (1887), 45 Ohio St. 426, 15 N.E. 209, we held that a buyer is entitled to rescission of a real estate purchase contract where there is a mutual mistake as to a material part of the contract and where the complaining party is not negligent in failing to discover the mistake. A mistake is material to a contract when it is 'a mistake * * * as to a basic assumption on which the contract was made [that] has a material effect on the agreed exchange of performances.' 1 Restatement of the Law 2d, Contracts (1981) 385, Mistake, Section 152(1). Thus, the intention of the parties must have been frustrated by the mutual mistake."

■ In the case *sub judice*, we find the record contains sufficient competent, credible evidence to support the referee's report on the question of whether a mutual mistake of fact existed. Although appellant testified that he was mistaken concerning whether he was eligible for retirement benefits, little evidence exists to prove that the village was also mistaken and almost no evidence exists to prove that the retirement benefits issue was "a basic assumption" upon which the village accepted appellant's resignation. The village clerk testified appellant unconditionally stated that he would not work past the effective date stated in his letter. Again, we note that we must not reweigh the evidence presented at trial. *C.E. Morris Co., supra.* We must defer to the trier of fact who had the opportunity to hear the witnesses and observe their demeanor. *Seasons Coal Co., supra.*

Accordingly, based upon the foregoing reasons, we overrule appellant's third assignment of error.

## IV

In his fourth assignment of error, appellant asserts that trial court erred by "finding no violation" of R.C. 121.22, the Ohio public meetings law. Appellant contends that the village violated R.C. 121.22 on May 11, 1990, in the following three respects: (1) the village council failed to hold a roll call vote concerning whether or not to go into executive session; (2) the village council discussed appellant's application for retirement in executive session, although the application did not fall into the category of personnel matters permitted to be discussed during executive sessions; and (3) the village council failed to adjourn the executive session before approving the minutes of the April 2, 1990 meeting at which the village council accepted appellant's resignation.

Appellant relies upon R.C. 121.22(H), the statute which states that any formal action taken by a public body in violation of R.C. 121.22 is void. Appellant argues that because the village council's action approving the April 2, 1990 meeting minutes was done in executive session, it is void. Appellant further argues that because the action approving the April 2, 1990 minutes is void, the village's April 2, 1990 acceptance of appellant's resignation is void.

The trial court found that an R.C. 121.22 violation occurred at the May 11, 1990 meeting, but found that because no one attended the meeting, the violation constituted harmless error. The referee wrote in pertinent part as follows with regard to the issue of whether the village violated R.C. 121.22:

"7. The basis of the plaintiff's claim that the village violated O.R.C. 121.22 was that at its May 11th meeting, it failed to take a roll call vote to retire into executive session. A roll call vote had been taken to open the meeting, but none was taken to retire to executive session, as stated. However, the evidence has been that there was no public at the special meeting. Accordingly, although this was a technical violation of The Sunshine Law, it was harmless error as no discussions were withheld from anyone as there was no one at the meeting to hear them or participate in them."

We find no reversible error in this regard. However, rather than find that the R.C. 121.22 violations constitute harmless error, we find that the R.C. 121.22 violations are irrelevant to the relief appellant seeks in his complaint in the case *sub judice.*

We note appellant cites no authority for his proposition that a failure to approve minutes of a meeting renders all action taken during that meeting void. Although R.C. 121.22(C) provides that public bodies must promptly record their minutes and open them to public inspection, the statute does not provide that if the minutes are not properly approved, the actions recorded in the minutes are void. Minutes serve as records of actions, not as actions themselves. See *Holeski v. Lawrence* (1993), 85 Ohio App.3d 824, 621 N.E.2d 802, where the Eleventh District held that concern over missing minutes became moot when the minutes were filed. See, also, *Tresville v. Bd. of Registration for Professional Engineers & Surveyors* (Jan. 11, 1979), Cuyahoga App. No. 37781, unreported, where the Eighth District held that R.C. 119.12 does not require the approval of minutes to be certified to the common pleas court in appeals from administrative proceedings.

In *State ex rel. Delph v. Barr* (Apr. 21, 1988), Highland App. No. 571, unreported, 1988 WL 38820, affirmed in part and reversed in part (1989), 44 Ohio St.3d 77, 541 N.E.2d 59, we rejected an argument that the lack of meeting minutes concerning a civil service commission certification rendered that certifi-

cation invalid. We noted that the parties stipulated that the meeting and the certification in fact occurred. In the case *sub judice*, the parties likewise agree that the April 2, 1990 meeting occurred and agree that the village accepted appellant's March 27, 1990 letter at that meeting. The parties differ only on whether the letter was a resignation letter or a mere application for retirement benefits.

The question of whether the village violated R.C. 121.22 on May 11, 1990 thus does not concern us. We note appellant, in his complaint, seeks reinstatement to his position as police chief; appellant does not seek approval of the April 2, 1990 meeting minutes. Although several R.C. 121.22 violations apparently occurred on May 11, 1990, those violations did not involve the relief appellant seeks in the instant case. We note in *State ex rel. The Fairfield Leader, supra,* the court similarly required a link between the R.C. 121.22 violation and the relief sought in the complaint.[2]

Accordingly, based upon the foregoing reasons, we overrule appellant's fourth assignment of error. Additionally, we note that in light of our resolution of appellant's assignments of error we find that appellee's cross-assignment of error is rendered moot. See App.R. 12(A)(1)(c).

In summary, we note that appellant has failed to demonstrate that he has a clear legal right to reinstatement to his former position as chief of police. Appellant has also failed to demonstrate that the village is under a clear legal duty to reinstate him. Accordingly, we find the trial court correctly denied appellant's request for a writ of mandamus.

*Judgment affirmed.*

STEPHENSON, J., concurs.

GREY, J., dissents.

---

**2.** The Supreme Court held that where the complaint sought to inspect minutes of a meeting, the question of whether that meeting should have been open to the public was irrelevant.