Relators-appellants, Brad and Melanie Fogle[1] appeal the trial court's dismissal of Branch II of their complaint against the village of Carlisle, Ohio.
Appellant, Brad Fogle, was employed as a police officer by the village of Carlisle. According to appellants, Fogle tendered a resignation letter to the village law director, David Chicarelli (Chicarelli), on March 25, 1999. The letter stated that the resignation was to take effect on April 2, 1999. Appellants claim that the resignation was submitted under duress and coercion and in response to threats that Fogle would be fired if he did not resign. The law director accepted the resignation with the notation "Accepted this 25th day of March, 1999, by David Chicarelli on behalf of the Village of Carlisle."
On March 26, 1999, Fogle rescinded his resignation. Appellants claim that the village denied Fogle the opportunity to rescind his resignation. Fogle requested review of his termination by the city council pursuant to appeal rights in the Carlisle Charter and the Ohio Revised Code. The village denied Fogle's appeal request on the ground that Fogle resigned and there was no termination to review.
Appellants filed a complaint in the Warren County Court of Common Pleas on April 16, 1999 and an amended complaint on July 13, 1999. Branch II of the amended complaint is an administrative appeal pursuant to R.C.2506.01 and 737.19. On December 17, 1999, the village filed a motion to dismiss Branch II of the complaint pursuant to Civ.R. 12(B)(6). The trial court granted the motion and dismissed Branch II of the complaint on March 9, 2000. In its decision, the trial court found there were no allegations that Fogle had been terminated pursuant to the procedures found in R.C. 737.19. The trial court also found that because Fogle resigned his position as a police officer, he had no right to appeal pursuant to R.C. 2601.01.
Appellants appeal the trial court's dismissal of Branch II of their complaint and raise the following single assignment of error:
 THE WARREN COUNTY COURT OF COMMON PLEAS WRONGFULLY GRANTED THE APPELLEES' MOTION TO DISMISS BRANCH II OF THE APPELLANTS' COMPLAINT PURSUANT TO CIV.R. 12(B)(6) AND THUS TERMINATING THE APPELLANT FOGLE'S ADMINISTRATIVE APPEAL OF HIS WRONGFUL TERMINATION.
In order for a court to dismiss a complaint pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief.Greeley v. Miami Valley Maintenance Contractors, Inc. (1990),49 Ohio St.3d 228, 230, 551 N.E.2d 981, citing O'Brien v. Univ. CommunityTenants Union, Inc. (1975), 42 Ohio St.2d 242, syllabus. The court must presume that all factual allegations in the complaint are true and draw all reasonable inferences in favor of the nonmoving party. Mitchell v.Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192. We review the trial court's decision to dismiss a claim pursuant to Civ.R. 12(B)(6) de novo.Bell v. Horton (1995), 107 Ohio App.3d 824, 826.
Appellants advance five separate arguments to establish that the court erred in granting the motion to dismiss Branch II of their complaint. Appellants' third argument states that dismissal was improper because the village law director did not have the authority to accept the resignation of an employee. Appellants contend that Fogle rescinded the resignation before any formal acceptance by the village occurred.
"A public employee may rescind or withdraw a tender of resignation at any time prior to its effective date, so long as the public employer has not formally accepted such tender of resignation." Davis v. Marion Cty.Engineer (1991), 60 Ohio St.3d 53, paragraph one of the syllabus. "Acceptance of a resignation should be in writing and should encompass some type of affirmative act that clearly indicates that the tender of resignation is accepted by someone empowered by the public employer to do so." Id. at 55. Appellants argue that the law director did not have the authority under the city charter to accept the resignation.
The Carlisle Charter outlines the powers of the village manager. Section 6.02 grants the manager the power to:
 appoint and, when the Manager deems necessary for the good of the service, suspend or remove any municipal employee or appointive administrate officer * * *. The Manager may authorize any administrative officer who is subject to the Manager's direction and supervision to exercise these powers with respect to subordinates in that officer's department, office or agency.
 Section 7.01 states that the administrative departments created by the charter include finance, law, safety, and service. Pursuant to section 7.03 each department director has supervision and control of the department he or she heads, subject to the direction of the manager. The functions of police protection are encompassed within the safety department, while the department of law is administered by the law director.
Pursuant to Section 7.10 of the Carlisle Charter, the law director has the powers of a director of law for a general statutory plan city and also "such other powers and duties as provided by this charter and the Municipality's ordinances or resolutions and as directed by the Council or the Manager." The village argues that this provision authorizes the manager to delegate the responsibility to accept an employee's resignation on behalf of the manager or village. We disagree.
The power to formally accept a resignation from an employee exists along with the power to hire and terminate employees. The charter clearly allows the manager to delegate responsibility for personnel hiring and termination to the heads of the administrative departments. However, according to Section 6.02 of the charter, this delegated authority only extends with "with respect to subordinates in that officer's department, office or agency." A police officer is a subordinate to the head of the safety department or the head of the police department; he is not a subordinate to the director of the law department. The general grant of authority to delegate responsibilities to the law director in Section 7.10 of the Carlisle Charter does not encompass areas where the charter provides responsibility may be delegated specifically to certain department heads, such as suspension or removal of municipal employees under Section 6.02.
The rationale behind allowing only the heads of departments to formally accept a subordinate's resignation on behalf of the manager is illustrated by the facts of this case. After Fogle attempted to appeal his termination, the Law Director determined, despite his own involvement in the resignation, that the resignation was effective and that it was not properly rescinded. In his role as law director, he then informed Fogle that he was not entitled to appeal the decision because Fogle had not been terminated.
Presuming all factual allegations in the complaint are true and drawing all inferences in appellants' favor, we find that because the law director did not have the authority to formally accept Fogle's resignation, the resignation was effectively revoked before it was formally accepted. Any further action by the village refusing to allow Fogle to return to work acted as a termination of his position. Accordingly, the trial court erred in finding that Fogle's resignation was effective and that Fogle was not entitled to appeal pursuant to R.C. 2601.01. The assignment of error is sustained.
 _______________________ POWELL, P.J.
YOUNG and VALEN, JJ., concur.
[1] When referred to together, Mr. and Mrs. Fogle will be referred to as appellants. However, when referred to individually, Brad Fogle will be referred to as Fogle.