Feeley, Timothy Q., J.
As announced in open court after a hearing on September 18, 2008, the court denies the petition of Kenneth O’Brien (“O’Brien”) for injunctive relief. This memorandum is issued in support of the court’s ruling. The facts herein are derived from O’Brien’s petition, and supplemented by representations in court at the hearing.
In June 2008, O’Brien was an elected member of the Town Council of the Town of Southbridge (the “Town”). On June 26, 2008, he faxed a letter to the Town Clerk that read as follows: “This will constitute notice of my intention to resign my position as a member of the Southbridge Town Council, effective 11:59 p.m. on June 30, 2008.” The following day, the local newspaper carried a story, read by O’Brien, announcing that O’Brien had resigned his council position. On June 30, 2008, prior to 12:59 p.m., O’Brien faxed a second letter to the Town Clerk which read as follows: “This will assert [sic] me decision not to act on the intention to resign outlined to you in my correspondence by facsimile to your office on June 26, 2008. As a result, I will not be submitting a formal notice of my resignation from the Southbridge Town Council.”
*609 The Town of Southbridge has taken the position, supported by a legal opinion from town counsel obtained on June 30, 2008 [Exhibit A at the hearing], that O’Brien’s letter to the Town Clerk of June 26, 2008 was effective as a resignation, and could not and was not rescinded by O’Brien’s subsequent letter of June 30, 2008. The Towm scheduled a special election for O’Brien’s council seat for October 7, 2008. Ballots have been printed, and four residents are running for the seat. This petition was filed on September 10, 2008.
O’Brien argues that his June 26th letter was not a resignation, but merely a stated intention to resign that could be rescinded at any time before its effective date and time. The Towm relies on G.L.c. 41, §109, which reads in pertinent part: “No resignation of a towm or district officer shall be deemed effective unless and until such resignation is filed with the towm or district clerk or such later time certain as may be specified in such resignation.”
In order to obtain a preliminary injunction of the sort requested, O’Brien must show that: (1) there is a substantial probability of success on the merits; (2) the plaintiff will suffer immediate, irreparable harm without injunctive relief; (3) the harm the plaintiff will suffer if denied injunctive relief outweighs the harm defendants wills suffer if restrained; and (4) the requested injunctive relief would not adversely affect the public interest. Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609, 616-17 (1980).
This Court cannot find a substantial likelihood that O’Brien wall succeed on the merits of his claim that his written resignation letter of June 26th was not a formal resignation, and was able to be rescinded at any time before its effective date. The letter complies with the controlling statute in that it is in writing, was addressed to and provided by O’Brien to the Towm Clerk, and it, rather than expressing an intention for it to be effective immediately, provided for a later date and time certain for it to be effective. O’Brien reads too much into his use of the word “intention.” Nothing in his letter, which he drafted, suggests his resignation is conditioned by anything other than the passage of time to 11:59 p.m. June 30, 2008. O’Brien could have written his letter any way he chose. The words he chose were his, not those of someone else. If the resignation letter is to be construed against anyone, it should be construed against him. See Cody v. Connecticut General Life Ins. Co., 387 Mass 142, 146 (1982) (an ambiguous contract should be construed against the drafting party). If, as he suggests, he was merely giving the Towm the courtesy of a forewarning of his possible resignation, he could have informed the Towm that he was considering his possible resignation and would confirm or formalize his decision by a date certain. If courtesy and forewarning was his goal, he could easily have stated that it was his possible intention, or tentative intention to resign. This he did not do. He did not, though he could have, condition his use of the word intention. The fair reading of the letter is that it is an unequivocal and unconditional resignation, to be effective on adate and time certain. Thus, althoughnot decidingthe question on the merits, I find that not only has O’Brien failed to show a substantial likelihood of success on the merits, he has little chance of prevailing on the merits of his claim.
Given the high likelihood that O’Brien wall not prevail on the merits of his claim, it is not necessary to balance the competing claims of irreparable harm. O’Brien cannot win such a balancing, as this court does not believe he can prevail on the merits of his claim. In any event, O’Brien’s delay in filing his petition, from June 30, 2008, when he was aware of the Towm’s position, to September 10,2008, has prompted the Town to go forward with its plans for the October 7, 2008 special election, and invited residents of Southbridge to run for and campaign for his vacant council seat. In the court’s view, balancing of harms at this time favors the Towm.
One final point. The court has reviewed the case of Davis v. Marion County Engineer, 60 Ohio St.3d 53, 573 N.E.2d 51 (1991), provided by O’Brien at the hearing. It is not necessary for this court to decide whether or not it should follow the Davis decision, as the decision does not help O’Brien. In Davis, the Ohio Supreme Court held:
that public employee may rescind or withdraw a tender of resignation as any time prior to its effective date, so long as the public employer has not formally accepted such tender of resignation. We further hold that acceptance of a tender of resignation from public employment occurs where the public employer or its designated agent initiates some type of affirmative action, preferably in writing, that clearly indicates to the employee that the tender of resignation is accepted by the employer.
Davis, 60 Ohio St. at 55-56. Here, the newspaper article published on June 27, 2008, which O’Brien admits having read that day, and which appears to have prompted his reconsideration of his resignation, more than clearly indicated to him that the Towm had accepted his resignation.
ORDER
Accordingly, and as announced in open court on September 18, 2008, O’Brien’s Petition for Injunctive Relief is DENIED.