OPINION
{¶ 1} Appellant, Hollis Rosenberger ("Hollis"), appeals from a judgment of the Geauga County Court of Common Pleas, granting appellee, James M. Rosenberger ("James"), the entire interest in two notes, as part of a division of marital property consequent to the parties' divorce. This court reverses, and remands the matter.
 {¶ 2} The parties were married January 30, 1988, and had no issue. After the marriage, they purchased the Chagrin Valley Athletic Club, Inc. ("CVAC"), of which James was, and is, the president and sole shareholder. Hollis ran the office. Evidence developed at the trial of this matter indicates that the CVAC has been a great success, due largely to James' business acumen.
 {¶ 3} James filed for divorce March 22, 2002, requesting an equitable division of the marital property, and attorney fees. Hollis answered and counterclaimed, requesting a divorce, an equitable division of the marital property, temporary and permanent spousal support, and attorney fees.
 {¶ 4} Most issues concerning the marital property were concluded between the parties by stipulation. However, no agreement could be obtained concerning the status of certain items, particularly the value of the CVAC, and the status of two notes held by the parties on the CVAC. Each party owned one note. The notes were marital property, each having been executed in 1999.[1] At trial, James' expert concluded that the CVAC was worth some $3,823,500, and that the parties' notes were paid-in capital. Mr. Robert Greenwald, who was retained as an expert by both parties, originally, testified that the CVAC was worth $4,250,000, and that the notes were debt to the CVAC, and personal assets to the parties.[2]
 {¶ 5} By its findings of fact and conclusions of law, filed December 19, 2003, the trial court concluded that Hollis' expert had applied the correct method for valuing the CVAC, and attributed to it a value of $4,250,000. In its findings of fact, the trial court incorrectly characterized the notes held by the parties as loans to them from the CVAC. The trial court concluded that James should retain sole ownership of the CVAC, and should assume sole liability for its debts. It further concluded that James should pay Hollis as a distributive award pursuant to R.C.3105.171(E)(1) one-half of the value of the CVAC, including thenotes receivable by them as loans, by subtracting some $563,594.50 in potential capital gains tax liability from $4,250,000, and adding in $23,500 in equity from two houses held by the CVAC, and dividing by two. This resulted in Hollis receiving an award of $1,854,952.75.
 {¶ 6} The liability of the notes, $1,317,450, while notionally included by the trial court in its valuation of the CVAC, does not appear in that court's calculations. This could only be justified if the notes represented paid-in capital contributions. If the notes represented loans by the parties, then they were personal assets, and required separate treatment.
 {¶ 7} The trial court also filed its judgment entry of divorce December 19, 2003; therein, it ordered James to pay Hollis her one-half interest in the CVAC, as a distributive award. It repeated that a one-half value of the CVAC was $1,854,952.75, and that this figure included the two notes receivable, not as loans, but as paid-in capital contributions.
 {¶ 8} Hollis moved the trial court for a nunc pro tunc order to cause the record to reflect that the notes were loans to the CVAC, not from it. She further requested that the trial court divide the notes in an equitable manner. In an order, filed January 27, 2004, the trial court admitted that the notes were loans from the parties to the CVAC, not paid-in capital contributions; however, it concluded that a nunc pro tunc entry was not Hollis' appropriate remedy for the relief sought and denied her request.
 {¶ 9} Hollis timely noticed an appeal to this court, making five assignments of error. By a decision announced April 15, 2005, this court ruled two of her assignments meritless, one moot, and two meritorious. Rosenberger v. Rosenberger, 11th Dist. No. 2004-G-2555, 2005-Ohio-1790, at ¶ 83 (hereinafter, "Rosenberger I"). It was determined that the trial court should not have subtracted a speculative capital gains tax liability from the value of the CVAC. Id. at ¶ 68-76. Of principal importance to this appeal, it was determined that the conflicting description of the notes as loans in the findings of fact and conclusions of law, and as paid-in capital contributions in the judgment entry of divorce, prevented this court from reviewing whether the value of the notes was included in that of the CVAC, and whether error existed. Id. at ¶ 65. Consequently, this court remanded to the trial court, ordering it "to clarify or modify its judgment entry with respect to its treatment of the notes." Id.
 {¶ 10} On remand, by a judgment entry filed July 15, 2005, the trial court ordered James to pay Hollis one-half of the value of the capital gains tax liability which it had improperly deducted from the value of the CVAC. Regarding the notes, the trial court held as follows:
 {¶ 11} "* * * the Court finds that the original Judgment Entry of Divorce of December 19, 2003 properly divided the two (2) notes receivable as reflected in Paragraph 12, Page 4 of that decision by stating a sum certain to be paid by Plaintiff to Defendant. The trial Court clarified its original decision in its subsequent entry of January 27, 2004, by specifically stating that `the Court meant to state that they were loans from the parties,' thus it is clear from the trial court's selection of the ultimate figure to be paid by Plaintiff to Defendant that the trial Court had considered those `loans' in its decision."
 {¶ 12} It is from this part of the trial court's judgment that Hollis timely noticed her appeal, presenting one assignment of error:
 {¶ 13} "The trial court abused its discretion in awarding appellee an excess of $1,317,450 of the parties' marital property, consisting of notes receivable, without a finding that an equal division thereof would be inequitable."
 {¶ 14} The appropriate standard of review was fully set forth in Rosenberger I at ¶ 29:
 {¶ 15} "A trial court is given broad discretion in its division of marital assets. Cherry v. Cherry (1981),66 Ohio St.2d 348, 421 N.E.2d 1293, paragraph two of the syllabus. Accordingly, as a reviewing court, our inquiry is limited to whether the trial court abused that discretion. Holcomb v.Holcomb (1989), 44 Ohio St.3d 128, 131, 541 N.E.2d 597. `The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 5 Ohio B. 481, 450 N.E.2d 1140."
 {¶ 16} It was the testimony of Mr. Greenwald at trial that the value of the CVAC, including the debt represented by thenotes held by the parties, was $4,250,000. This valuation of the CVAC was accepted by the trial court, both in its findings of fact and conclusions of law, and its judgment entry of divorce. Mr. Greenwald further testified, and the record shows, that the notes were treated as debt by the CVAC, being listed as such on its tax returns.
 {¶ 17} Pursuant to R.C. 3105.171(A)(3)(a)(i), marital property includes: "[a]ll real and personal property that currently is owned by either or both of the spouses * * * that was acquired by either or both of the spouses during the marriage[.]" The notes in question were executed in 1999, and thus, were clearly marital property. "Pursuant to R.C.3105.171(C), the division of marital property is to be equal, unless such a division would produce an inequitable result. In such a case, marital property is to be divided on an equitable basis." Lambert v. Lambert, 11th Dist. No. 2004-P-0057,2005-Ohio-2259, at ¶ 28. In the instant case, there was no finding by the trial court that it would be inequitable to divide the notes evenly. Indeed, most of the provisions of the subject divorce decree and supporting findings of fact and conclusions of law indicate that the trial court's purpose was to effect an even division of the marital assets.
 {¶ 18} In its judgment entry of July 15, 2005, from which this appeal arises, the trial court asserts that the judgment entry of divorce, at ¶ 12, as clarified by the nunc pro tunc order issued January 27, 2005, did set forth that it considered the notes in making its award to Hollis. This is true, as far as it goes. The paragraph of the judgment entry of divorce referred to by the trial court sets forth the distributive award to be made by James to Hollis for her one-half interest in the CVAC — i.e., $4,250,000, less the capital gains tax liability imputed by the trial court to the CVAC, plus the equity in the two rental houses held by the CVAC, divided by two. Mr. Greenwald's testimony was that the CVAC's $4,250,000 value included an allowance for its debt, such as the notes.
 {¶ 19} However, the notes remained personal assets of the parties, not subject to the distributive award concerning the CVAC. The trial court was required to divide them between the parties, as marital property.[3] There being nothing in the record, in the trial court's findings of fact and conclusions of law, or in its judgment entry of divorce showing that an even division of the notes would be inequitable, the division must be equal.
 {¶ 20} The notes have a total value of $1,317,450. James and Hollis are each entitled to one-half. The trial court awarded the CVAC to James, and directed that he assume its attendant debt. On remand, the trial court shall order that James pay to Hollis one-half of the total due on both notes as of the effective date of the division of property.
 {¶ 21} Appellant's assignment of error is meritorious. The judgment of the Geauga County Court of Common Pleas is reversed, and this matter is remanded, for further proceedings consistent with this opinion.
Ford, P.J., Rice, J., concurs.
[1] James' note has a value of $1,130,050, and produces $90,404 annually in interest. No principal has ever been paid. Hollis' note had a value of $195,000, which had been reduced to $187,400 at the time of the divorce, due to payments of principal. It produces interest at the prime rate.
[2] The $4,250,000 figure did not include the equity in two rental homes owned by the CVAC, totaling some $23,500, or the liability for the notes.
[3] The conclusion that the notes are debt to the CVAC, and assets to the parties, is further supported by the trial court's original calculation that a capital gains tax liability of $563,594.50 should be subtracted from the valuation of the CVAC.Rosenberger I, at ¶ 73. This sum could only be correct if the value of the club is $4,250,000, given the CVAC's tax basis of $1,712,613. If the notes were treated as paid-in capital, the notional capital gains liability would have been considerably less.