OPINION
{¶ 1} This appeal stems from two cases from the Lake County Court of Common Pleas, Domestic Relations Division. In Case No. 2005-L-101, appellant, Joseph C. Hale, appeals from a May 27, 2005 judgment entry, where the trial court adopted the magistrate's decision and ordered appellant to pay $635.38 per month in child support, plus processing fees. In Case No. 2005-L-114, appellant appeals from a June 30, 2005 judgment entry, denying his motion for leave to file objections instanter.
 {¶ 2} The parties were divorced on May 15, 1998. They had two minor children at the time of the divorce. The trial court granted the parties' shared parenting plan and, pursuant to a deviation in child support, ordered that neither party pay child support.
 {¶ 3} On September 27, 1999, pursuant to an agreed judgment entry, the trial court terminated the parties' shared parenting plan and awarded appellant sole residential placement and legal custody of the minor children. Further, appellee, Patricia Hale, was ordered to pay child support, commencing September 3, 1999.
 {¶ 4} On November 1, 2000, the Superior Court of Washington awarded legal custody of the minor children to appellee. On December 17, 2002, the Superior Court of Washington ordered appellant to pay child support, however, the court later determined that it did not have jurisdiction over support issued because Ohio had jurisdiction.
 {¶ 5} On October 15, 2003, the Lake County Court of Common Pleas, Domestic Relations Division, terminated appellee's child support obligation, making it retroactive to November 1, 2000.
 {¶ 6} On June 28, 2004, appellant filed a motion to establish child support.[1] The trial court held a hearing on the matter in front of a magistrate on March 16, 2005. Appellee was not present at the hearing.
 {¶ 7} Appellant provided the following testimony at the hearing. He is currently employed as a title agent, and has been for four years, by Allyn Title Agency, which he is also part owner. The agency is an "S" corporation. He earns $10.50 per hour, and he earned $21,730 in 2004. In addition, he claimed rental income in the amount of $618 per month. He denied receiving any other benefits or income from the corporation.
 {¶ 8} Appellant testified that he does not know if appellee is currently working. He indicated that in the past, she had been a photographer, had worked in a factory, and as a bartender. He recalled that he had also sent her to college for early education, but that she never received a degree.
 {¶ 9} On May 10, 2005, the magistrate issued her decision in this matter. She ordered appellant to pay $635.38 per month in child support, plus processing fees. On May 27, 2005, the trial court adopted the magistrate's decision.
 {¶ 10} On May 25, 2005, appellant filed a motion for leave to file objections instanter, indicating that a calendaring problem in the attorney's office had created a situation which made the objections one day late. On June 1, 2005, the trial court denied appellant's leave to file objections, because they were late and because appellant failed to serve appellee with the motion. Appellant filed an amended leave on June 6, 2005, correcting proof of service. On June 27, appellant filed his notice of appeal. On June 30, 2005, the trial court denied appellant's amended leave.[2]
 {¶ 11} It is from the May 27, 2005 and the June 30, 2005 judgments from which appellant appeals, raising the following four assignments of error:
 {¶ 12} "[1.] It was an abuse of discretion to adopt the magistrate's decision which found that [appellant] had rental income, without deducting the mortgage interest, losses and depreciation.
 {¶ 13} "[2.] It was an abuse of discretion for the trial court to deny [appellant's] motion for leave to file objections.
 {¶ 14} "[3.] The trial court abused its discretion in denying the leave to amend the original leave to file objections.
 {¶ 15} "[4.] The court abused its discretion in imputing minimum wage income to [appellee]."
 {¶ 16} Essentially, in his first and fourth assignments of error, appellant argues that the trial court abused its discretion when it adopted the magistrate's decision calculating the amount of child support he should pay. As such, we will address them concomitantly.
 {¶ 17} Absent an abuse of discretion, factual determinations made by a trial court will not be disturbed on appeal. Rock v.Cabral (1993), 67 Ohio St.3d 108, 112. See, generally, Booth v.Booth (1989), 44 Ohio St.3d 142 (applying abuse of discretion standard to matters involving child support). "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Additionally, when reviewing an appeal from a trial court's adoption of a magistrate's decision under Civ.R. 53(E)(4), we must determine whether the trial court abused its discretion in adopting the decision. Brown v. Gabram, 11th Dist. No. 2004-G-2605, 2005-Ohio-6416, at ¶ 11.
 {¶ 18} In his first assignment of error, appellant contends that the magistrate erred in calculating the amount of child support that he should pay when she found that he had rental income in the amount of $13,200 per year, disregarding mortgage interest paid on the property, as well as the loss and depreciation on the property. In his fourth assignment of error, he maintains that the magistrate erred when she imputed minimum wage to appellee without making a finding that appellee was voluntarily unemployed or voluntarily underemployed.
 {¶ 19} Initially, we will address appellant's first assignment of error. In calculating child support, a trial court must determine the parents' income. R.C. 3119.023. Pursuant to R.C. 3119.01(C)(7), gross income is defined as "the total of all earned and unearned income from all sources during a calendar year * * * and includes * * * income from salaries * * * and * * * rents * * *."
 {¶ 20} In the case sub judice, the magistrate found that appellant had rental income in the amount of $13,200 per year. Further, the magistrate found, as evidenced by appellant's 2004 income tax return, that he paid $7,578 in mortgage interest on the property, claimed $1,941 in depreciation on the property, and $3,681 as a loss on it, leaving a total claimed income of $618. The magistrate concluded that $13,200 be included as appellant's "income" for child support computation purposes. Appellant argues that this was an abuse of discretion.
 {¶ 21} In In the Matter of Sullivan v. O'Connor, 11th Dist. Nos. 2005-G-2641 and 2005-G-2642, 2006-Ohio-3206, at ¶ 22, we stated:
 {¶ 22} "R.C. 3119.01 includes self-generated income as gross income for the purposes of child support calculations and defines the same as `(* * *) gross receipts received by a parent from self-employment, proprietorship of a business, joint ownership of a partnership or closely held corporation, and rents minus ordinary and necessary expenses (* * *).' R.C. 3119.01(C)(13). The same statute defines `ordinary and necessary expenses' as `actual cash items expended by the parent or the parent's business and includes depreciation of business equipment as shown on the books of a business entity.' R.C. 3119.01(C)(9)(b) however excludes `depreciation expenses and other non-cash items that are allowed as deductions on any federal tax return of the parent or the parent's business' as ordinary and necessary expenses."
 {¶ 23} Thus, depreciation expenses and other non-cash deductibles are specifically excluded from "ordinary and necessary expenses" for purposes of calculating child support, which would include the $1,941 depreciation and the $3,681 claimed loss.
 {¶ 24} Appellant contends that the $7,578 mortgage interest paid is an "ordinary and necessary expense." The magistrate explicitly found that appellant did not present any evidence of "ordinary and necessary expenses" as it relates to the child support computation. The magistrate concluded that appellant was part owner of Allyn Title Agency, and as owner, "will ultimately benefit financially from his real estate investment. To that end, it is in the children's best interest to include the rental income in the child support calculation."
 {¶ 25} After reviewing the record in this appeal, we cannot say that the magistrate abused her discretion by including the $13,200 as appellant's income for child support computation purposes. Included in gross income is "gross receipts" less "ordinary and necessary" business expenses. It is the duty of the obligor to assert that certain items are exempt from inclusion as gross income pursuant to this exception. Sullivan, supra, at ¶ 25. No such evidence was presented. In fact, appellant failed to mention the rental income and expenses when he testified. The magistrate discovered the expenses after closely reviewing appellant's 2004 income tax return.[3] As we stated recently in Sullivan, "[i]t is not the duty of the trial court to ferret out those expenses which qualify as ordinary and necessary." Id. Thus, we conclude that the trial court did not abuse its discretion when it adopted the magistrate's decision regarding the rental income.
 {¶ 26} Therefore, appellant's first assignment of error is without merit.
 {¶ 27} Next, we will address appellant's fourth assignment of error, his contention that the magistrate abused its discretion when she imputed income to appellee.
 {¶ 28} Pursuant to R.C. 3119.01(C)(1) and (C)(5)(b), income for child support purposes is defined to include the sum of the parent's gross income and "any potential income of the parent." Potential income includes imputed income that the court determines the parent would have earned if fully employed based upon the criteria articulated in R.C. 3119.01(C)(11)(a)(i)-(x). However, before a trial court may impute income to a parent, it must first find that the parent is voluntarily unemployed or underemployed. Inscoe v. Inscoe (1997), 121 Ohio App.3d 396,424; Marek v. Marek, 158 Ohio App.3d 750, 2004-Ohio-5556, at ¶14; Rock, supra, at 111; Leonard v. Erwin (1996),111 Ohio App.3d 413, 417; Ramskogler v. Falkner, 9th Dist. No. 22886,2006-Ohio-1556, at ¶ 14 (trial court abused its discretion by failing to make the requisite finding of voluntarily unemployed or underemployed); Sapinsley v. Sapinsley, 1st Dist. No. C0-50092, 2005-Ohio-6773, at ¶ 11 (trial court abuses its discretion when it imputes income without first finding voluntarily unemployed or underemployed).
 {¶ 29} In the case sub judice, with respect to appellee's income, the magistrate stated: "[a]t the hearing, mother was not present to testify; thus, it is unknown as to whether mother is currently employed. A review of the court's file indicates that mother earned $10,000.00 per year at the time of the establishment of mother's child support order on September 27, 1999. Mother filed several notarized Status Hearing Affidavits with the Court within the last few years. On March 29, 2001, mother's Status Hearing Affidavit indicates that mother was employed by Morningside, located in Olympia, Washington as a Senior Training Specialist. Mother earned approximately $1,400.00 per month. On October 12, 2000, mother's Status Hearing Affidavit indicates that mother was employed by Live Bridge as a telephone sales representative and earned approximately $270.00 per week. Father testified that mother has some college background and has held a variety of jobs. Since it is unknown as to the status of mother's employment and mother's prior jobs indicate a lower level pay rate, it is fair and equitable and in the best interest of the children to impute minimum wage to mother, i.e. $10,712.00 per year."
 {¶ 30} After a review of the record, it is clear that the magistrate did not make the required finding that appellee was either voluntarily unemployed or voluntarily underemployed. In fact, the magistrate found that, "mother was not present to testify; thus, it is unknown as to whether mother is currently employed." Thus, we agree with appellant that the magistrate abused her discretion, and further, that the trial court abused its discretion in adopting the magistrate's decision with respect to this issue. Accordingly, appellant's fourth assignment of error has merit.
 {¶ 31} In his second and third assignments of error, appellant maintains that the trial court abused its discretion in denying his motion for leave to file objections and his amended leave to file objections. We will also address these two assignments in tandem as they are interrelated.
 {¶ 32} Civ.R. 53(D)(3)(b)(i) provides that, "[a] party may file written objections to a magistrate's decision within fourteen days of the filing of the decision[.]" Moreover, Civ.R. 6(B) provides in relevant part: "[w]hen by these rules * * * an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion * * * upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect * * *." A trial court's ruling on a Civ.R. 6(B) motion for leave "is addressed to the sound discretion of the trial court and will not be disturbed on appeal absent a showing of an abuse of discretion." State ex rel.Lindenschmidt v. Butler Cty. Bd. Of Commrs. (1995),72 Ohio St.3d 464, 465.
 {¶ 33} In the case at hand, we find no abuse of discretion in the trial court's refusal to grant appellant's motion for leave when the reason given for the late objections was "[d]ue to a problem with the calendar program," in the attorney's office. It was entirely within the trial court's discretion to determine whether a calendar problem was "excusable neglect." Knapp v.Knapp, 4th Dist. No. 05CA2, 2005-Ohio-7105, at ¶ 18. Obviously, here, the trial court found that filing the objections one day late was not excusable and amending the proof of service did not correct the fact that it was originally filed late. Accordingly, appellant's second and third assignments of error lack merit.
 {¶ 34} Thus, appellant's first, second, and third assignments are without merit. His fourth assignment has merit. The judgment of the Lake County Court of Common Pleas is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
Rice, J., concurs, O'Toole, J., dissents.
[1] Although appellant requested the court to establish child support, he was actually requesting the court to modify existing orders.
[2] The trial court did not have jurisdiction to deny appellant's amended motion for leave. An appeal is perfected upon the filing of a written notice of appeal. R.C. 2505.04. Once a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal. State ex rel. SpecialProsecutors v. Judges, Court of Common Pleas (1978),55 Ohio St.2d 94, 97. The trial court retains jurisdiction over issues not inconsistent with the appellate court's jurisdiction to reverse, modify, or affirm the judgment appealed from in the case. Id.; Yee v. Erie Cty. Sheriff's Dept. (1990),51 Ohio St.3d 43, 44. Here, the trial court's denial was directly related to the issue being appealed, and thus, the trial court did not have jurisdiction after the notice of appeal had been filed. However, we note that it does not materially affect the outcome of this appeal, since the trial court had denied appellant's first motion for leave prior to the notice of appeal.
[3] With regard to this issue, the magistrate stated, "Father denied that he received any additional income and/or benefits from the title business. However, a closer scrutiny of ExhibitB [2004 tax return] revealed that father received rental income for the property at 84 East Second Street, Chillicothe (the same property where father's business is located) in the amount of $13,200.00 for 2004." The magistrate went on to note the mortgage interest, depreciation, and reported loss on the property. It is apparent from appellant's 2004 tax return that the rental property involved is an asset of his subchapter "S" Corporation.