OPINION
{¶ 1} Gopal Haribhakti ("Gopal") appeals from the judgment of the Portage County Court of Common Pleas, Domestic Relations Division, in his divorce from Anjana Haribhakti ("Anjana"). We affirm.
 {¶ 2} The parties were married May 11, 1986, in Chicago, Illinois. Gopal has an engineering degree; Anjana is a licensed practical nurse. There is issue of the marriage, Sapan, born October 18, 1988, and Sobhit, born January 7, 1994. Testimony at trial established that Gopal abandoned his family in the summer of 1997, returning to his native India, before coming back to the United States in 1999. Anjana suffered serious injuries in an automobile accident March 9, 2001, which have affected her ability to work as an L.P.N., at which time she had made some $40,000 per year. At the time of hearing, she worked part time as a practical nurse, and was on medical leave. The trial court found that certain of Anjana's injuries were likely permanent, and that her prospect of restoring her prior earnings' level was dim.
 {¶ 3} After returning from India, Gopal worked as a quality engineer making some $55,000 to $70,000 until losing his job in June, 2001. At hearing, Anjana testified Gopal required her to give him $1,000 she received as a gift from coworkers following her accident. Certificates of deposit, the value of which the parties disputed, were liquidated so Gopal could purchase an interest in a dry cleaning business, which he eventually sold. The existence of certain debts allegedly relating to the dry cleaning business was also disputed between the parties. At the time of hearing, Gopal was working for Lydall Thermal Acoustical, Inc., earning $60,000 per year.
 {¶ 4} October 1, 2002, Gopal once again left his family. January 31, 2003, he filed for divorce in the Cuyahoga County Court of Common Pleas, Division of Domestic Relations. That case was eventually dismissed.
 {¶ 5} August 10, 2004, Gopal filed the underlying complaint for divorce in Portage County. Anjana answered and counterclaimed for divorce September 7, 2004. The case was referred to the magistrate; and, hearings were held April 12, 2005, and May 27, 2005. June 22, 2005, the magistrate filed his decision, to which Gopal filed timely objections July 6, 2005. February 9, 2006, the trial court overruled the objections; February 15, 2006, the trial court filed its judgment entry, decree of divorce. June 16, 2006, the trial court filed qualified domestic relations orders regarding Gopal's various retirement plans. July 17, 2006, Gopal timely appealed, making one assignment of error:
 {¶ 6} "The trial court erred and abused its discretion by failing to consider the Appellee's potential income but used her need when it determined child and spousal support and property division issues."
 {¶ 7} Decisions of the trial court concerning support and the division of marital property are reviewed for abuse of discretion. See, e.g.,Hale v. Hale, 11th Dist. Nos. 2005-L-101 and 2005-L-114, 2006-Ohio-5164, at ¶ 16-17 (child support); Mulliken v. Mulliken, 11th Dist. No. 2005-G-2615, 2006-Ohio-4178, at ¶ 12 (spousal support); Rosenberger v.Rosenberger, 11th Dist. No. 2005-G-2653, 2006-Ohio-3410, at ¶ 15
(marital property). "`The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. * * *'" Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 8} "Pursuant to R.C. 3119.01(C)(1) and (C)(5)(b), income for child support purposes is defined to include the sum of the parent's gross income and `any potential income of the parent.' Potential income includes imputed income that the court determines the parent would have earned if fully employed based upon the criteria articulated in R.C.3119.01(C)(11)(a)(i) — (x). However, before a trial court may impute income to a parent, it must first find that the parent is voluntarily unemployed or underemployed." Hale at ¶ 28.
 {¶ 9} Pursuant to R.C. 3105.18(C)(1)(b), in making an award of spousal support, a trial court is required to consider the "relative earning abilities of the parties[.]" This again requires a trial court to determine the potential income of the obligee spouse, and whether that spouse is underemployed. Bucalo v. Bucalo, 9th Dist. No. 05CA0011-M,2005-Ohio-6319, at ¶ 46-47.
 {¶ 10} Regarding the support awards, Gopal argues the trial court failed to consider Anjana's potential future income. This is mistaken. At paragraph four of its judgment entry of divorce, in making the child support award, the trial court specifically found that Anjana was unable to be gainfully employed at the time of trial. At paragraph nine, concerning spousal support, the trial court elaborated at length on the reasons Anjana could neither make an income commensurate with her prior earnings at present, and why it was unlikely she could do so in the future. The trial court retained jurisdiction to modify the amount of spousal support if the circumstances of the parties changed.
 {¶ 11} It is clear the trial court considered Anjana's potential income, or lack thereof, in making its support awards. Consequently, those portions of the assignment of error addressed to these awards are without merit.
 {¶ 12} The division of marital property is governed by R.C. 3105.171. Cf. Rosenberger, at ¶ 17. Under R.C. 3105.171(C)(1), the division of marital property is to be equal, unless such a division is deemed inequitable by the trial court. Cf. Id. In that case, the trial court shall divide the marital property equitably, taking into account, "* * * all relevant factors, including those set forth in division (F) of this section." R.C. 3105.171(C)(1). R.C. 3105.171(F)(9) specifically instructs trial courts, in making a division of marital property, to consider "[a]ny other factor that the court expressly finds to be relevant and equitable."
 {¶ 13} Thus, in making a division of marital property in divorce proceedings, a trial court could consider the potential incomes of the parties, if equity so demands. However, nothing requires it to do so. The issue is within the trial court's discretion. Gopal points to nothing in the record indicating either how or why he believes the trial court's division of marital property in this case constitutes an abuse of discretion. He merely asserts that the alleged failure to consider Anjana's potential income in making the division is a prima facie abuse of discretion. It is not.
 {¶ 14} That portion of the assignment of error addressed to the division of property is without merit.
 {¶ 15} The assignment of error is without merit. The judgment of the Portage County Court of Common Pleas, Domestic Relations Division, is affirmed.
DIANE V. GRENDELL, J., CYNTHIA WESTCOTT RICE, J., concur.