OPINION
{¶ 1} In the instant appeal, Bonnie Bischof appeals the judgment of the Lake County Court of Common Pleas, denying her motion for summary judgment and granting summary judgment on the cross-motion of appellee, Mentor Exempted Village School District ("the District"). We affirm the judgment of the court below.
 {¶ 2} The following facts are not in dispute: *Page 2 
 {¶ 3} Bischof was a non-union contract employee of the District since 1985. From 1989 until September 9, 2005, Bischof served as Supervisor of Transportation Services. The contract of employment between Bischof and the District was to pay her $62,609.00 annually for the 2005-2006 school year, and was set to expire on July 28, 2006.
 {¶ 4} On September 9, 2005, following a "contentious" performance review conducted between Bischof and Ronald Blevins, the District's Director of Business Affairs, Bischof submitted a written letter of resignation, "for retirement purposes effective January 1, 2006."
 {¶ 5} On September 13, 2005, the District's Board of Education ("the Board") held its regularly scheduled meeting. Pursuant to a motion made and carried at this meeting, the Board accepted Bischofs letter of resignation, effective January 1, 2006.
 {¶ 6} On or about November 11, 2005, Bischof, through counsel, sent a letter to Gwen Corban, President of the Board, attempting to rescind her earlier letter of resignation. On November 18, 2005, the District, through its counsel, sent Bischof a letter, indicating that her earlier resignation would stand.
 {¶ 7} On January 19, 2006, Bischof filed a two-count complaint. The first claim alleged a common-law emotional distress claim.[1] Her second claim sought a declaration from the court that her attempted revocation of her prior resignation was effective. *Page 3 
 {¶ 8} On April 25, 2006 Bischof filed a motion for summary judgment on her second cause of action. After receiving leave to respond, the District filed its motion in response, as well as its own cross-motion for summary judgment on May 30, 2006.
 {¶ 9} On June 1, 2006, the court denied Bischofs motion for summary judgment. On November 29, 2006, the trial court granted the District's cross-motion for summary judgment.
 {¶ 10} Bischof timely appealed the court's order granting summary judgment in favor of the District, assigning the following as error for our review:
 {¶ 11} "[1.] The Trial Court committed prejudicial error in not granting Appellant's Motion for Summary Judgment as to Count II of her Complaint.
 {¶ 12} "[2.] The Trial court committed prejudicial error in its failure to consider the monetary damages that the Appellant was entitled to from September 9th, 2005 through January 1st, 2006 [sic] ."
 {¶ 13} In her first assignment of error, Bischof, relying on the Ohio Supreme Court's decision in Davis v. Marion Cty. Engineer (1991),60 Ohio St.3d 53, argues that the trial court improperly denied her motion for summary judgment, and granted the Board's cross-motion, because she tendered her withdrawal prior to the effective date of her resignation, i.e., January 1, 2006.
 {¶ 14} The standard applied by an appellate court in reviewing a lower court's decision to grant summary judgment is de novo, as it only involves questions of law. Landmark Ins. Co. v. Cincinnati Ins.Co., 11th Dist. No. 2000-P-0093, 2001-Ohio-4311, at 1J9, citingGrafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336. Summary judgment is proper when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds *Page 4 
can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56(C); Harless v. Willis Day Warehousing Co., Inc. (1978),54 Ohio St.2d 64, 66.
 {¶ 15} Within the summary judgment context, "[m]aterial facts are those facts that might affect the outcome of the suit under the governing law of the case." Johnson v. Allstate Ins. Co., 11th Dist. No. 2001-T-0127, 2002-Ohio-7165, at ¶ 26, citing Turner v. Turner,67 Ohio St.3d 337, 340, 1993-Ohio-176; Anderson v. Liberty Lobby, Inc. (1986),477 U.S. 242, 248. "To determine what constitutes a genuine issue, the court must decide whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law."Johnson, 2002-Ohio-7165, at ¶ 26 (citation omitted).
 {¶ 16} Our review of the record reveals no genuine issue of material fact. Here, neither party disputes that January 1, 2006, is the effective date of Bischofs resignation. Moreover, neither party disputes that Davis is the controlling law of the case.
 {¶ 17} That said, Bischofs reliance on Davis to support her position is misplaced. In Davis, the Ohio Supreme Court held that "[a] public employee may rescind or withdraw a tender of resignation at any time prior to its effective date, so long as the public employer has notformally accepted such tender of resignation." 60 Ohio St.3d 53, at paragraph one of the syllabus.
 {¶ 18} A formal "[a]cceptance of a tender of resignation from public employment occurs where the public employer or its designated agent initiates some type of affirmative action * * * that clearly indicates to the employee that the tender of resignation is accepted by the employer." Id., at paragraph two of the syllabus. *Page 5 
 {¶ 19} Bischof was an employee of the District. "[S]chool Boards have authority over the districts they are elected to serve." State ex rel.Congress of Parents and Teachers v. State Bd. of Edn.,111 Ohio St.3d 568, 2006-Ohio-5512, at ¶ 47.
 {¶ 20} R.C. 3313.17 confers power on the board of education of the school district to enter into contracts. Moreover, contracts involving non-teaching employees "may be terminated by a majority vote of the board of education." R.C. 3319.081(C). "In local and exempted village school districts," like the district herein, "the board of education * * * shall consist of five members * * *." R.C. 3313.01
(emphasis added).
 {¶ 21} The aforementioned provisions inevitably lead us to the conclusion that the vote of all five board members, who were present at the September 13, 2005 meeting, constitutes a formal acceptance of Bischof s tender of resignation pursuant to Davis. Once formally accepted by the governing body in question, the resignation becomes binding. See, e.g., Davidson v. Hanging Rock (1994), 97 Ohio App.3d 723,729 ("When the village met and voted to accept appellant's resignation, the village conveyed its acceptance of appellant's resignation not only to appellant, but to the public as a whole. * * * Davis requires nothing more."). Bischof did not attempt to rescind her resignation untilafter the board took its formal action accepting her resignation.
 {¶ 22} Bischof's first assignment of error is without merit.
 {¶ 23} In her second assignment of error, Bischof argues that the trial court committed error by "not taking testimony to establish damages for loss of wages, vacation and holiday pay, pension benefits, medical benefits and other miscellaneous benefits from September 9th, 2005, through January 1st, 2006." *Page 6 
 {¶ 24} App.R. 16(A)(7) requires that the brief of an "appellantshall include * * * [a] n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." (Emphasis added).
 {¶ 25} Bischofs second assignment of error fails to meet this requirement. Accordingly, we need not consider it. See App.R. 12(A)(2);Deer Lake Mobile Park v. Wendel, 11th Dist. No. 2002-G-2438,2003-Ohio-6981, at ¶ 11.
 {¶ 26} Bischofs second assignment of error is without merit.
 {¶ 27} For the foregoing reasons, we affirm the judgment of the Lake County Court of Common Pleas.
CYNTHIA WESTCOTT RICE, P.J., COLLEEN MARY OTOOLE, J., concur.
[1] The trial court granted the District's Motion to Dismiss Bischof's emotional distress claim on the pleadings on February 27, 2007. Bischof does not appeal the court's decision with regard to this cause of action. *Page 1