OPINION
{¶ 1} Appellant, Mell S. Friedland-Slobody, appeals from the March 22, 2007 judgment entry of the Geauga County Court of Common Pleas, which granted her and appellee, Robert I. Slobody, a divorce, divided property and debt, and ordered appellee to pay spousal support.
 {¶ 2} Appellant and appellee met at a horse show in 1982. A few years later, appellee, a veterinarian who was married to another woman at the time, hired appellant *Page 2 
as a veterinarian technician. Appellee eventually moved in with appellant and left his practice at Hillcrest Animal Hospital. Appellee later established his own practice and again employed appellant. Appellee terminated appellant's employment, but the relationship continued. The parties purchased a home in Chesterland. In the mid-1990s, they bought a horse farm, which failed after about five years. The parties were married on September 23, 1997, and no children were born as issue of the marriage.
 {¶ 3} On October 7, 2005, appellee, who was 62 years of age, filed a complaint for divorce against appellant, who was 59. On November 17, 2005, appellant filed an answer and counterclaim. Appellee filed a reply to the counterclaim on November 23, 2005.
 {¶ 4} A consent order was filed on January 18, 2006, indicating that appellee was to pay temporary spousal support in the amount of $6,500 per month to appellant, as well as $250,000 as an advance against her future property settlement. On February 2, 2006, appellant filed a motion to show cause due to appellee's failure to pay $250,000 as required by the consent order. Appellee filed a brief in opposition on February 24, 2006.
 {¶ 5} On May 16, 2006, appellee filed a motion for the establishment of a new support order, indicating that temporary spousal support should be reduced to $1,500 per month.
 {¶ 6} A hearing was held on June 2, 2006.
 {¶ 7} Pursuant to its June 8, 2006 judgment entry, the trial court reduced spousal support by $1,500 per month, ordering appellee to pay $4,500 per month to appellant. On July 12, 2006, the trial court issued a nunc pro tunc order, correcting a *Page 3 
mathematical error made in its June 8, 2006 entry, indicating that appellee is ordered to pay $5,000 per month to appellant.
 {¶ 8} On August 11, 2006, appellant filed a motion to show cause.
 {¶ 9} On September 18, 2006, appellee filed a Civ. R. 75(N) motion to modify the temporary support order.
 {¶ 10} A bench trial was held on March 2, 2007.
 {¶ 11} On March 22, 2007, the trial court issued findings of fact and conclusions of law. Pursuant to its March 22, 2007 judgment entry, the trial court granted the parties a divorce on the grounds of incompatibility. It determined that the separate property of appellee includes the 2155 Ridgebury Dr., Painesville, Ohio property and interests in NW Life Insurance policies. With respect to the division of marital property, the trial court indicated the following: the division of marital property of appellant includes the $250,000 property settlement, Parkview IRA ($4,750 from escrow), IRA mutual accounts (Doloharty), and proceeds from the sale of farm equipment; and appellee's division of marital property includes 36751 Euclid Avenue, Willoughby, Ohio, Meadowland Veterinary Clinic, proceeds from the sale of Newbury realty, two life insurance accounts, IRA mutual account, Parkview IRA, and Key Bank IRA. The trial court ordered that effective April 1, 2007, appellee shall pay appellant spousal support in the amount of $3,000 per month for 36 months. The trial court granted appellee's motion to modify temporary spousal support and indicated that effective October 2006, his obligation was reduced to $2,000 resulting in a temporary spousal support arrearage of $9,300, which would carry forward. The arrearage was to be paid by appellee to appellant in monthly installments of not less than $600 per month commencing April 1, *Page 4 
2007, until it is paid in full. The trial court ordered each party to pay his/her own attorney fees. The trial court also dismissed appellant's motion to show cause.
 {¶ 12} On April 10, 2007, appellee filed a motion for relief from judgment pursuant to Civ. R. 60(B).
 {¶ 13} It is from the foregoing March 22, 2007 judgment that appellant filed a timely notice of appeal on April 19, 2007, and asserts the following assignments of error for our review:[1]
 {¶ 14} "[1.] Whether the trial court erred in limiting the period of time for spousal support given that [appellant] is not able to regain employment in her previous field due to changes in the field, her age and the lengthy period of time since she was previously employed, said determination being against the manifest weight of the evidence and an abuse of discretion in light of the statutory guidance.
 {¶ 15} "[2.] Whether the trial court erred in awarding the amount of support, given that [appellee] was utilizing his financial resources to extravagantly support his paramour in order to reduce his available income for support and that [appellee] had an ongoing income stream available to him through the rental income, as well as other factors under R.C. 3105.18(C). *Page 5 
 {¶ 16} "[3.] Whether the trial court erred in partially granting the motion to vacate when the parties had previously stipulated to the payments that were made and the additional evidence submitted by [appellee] was not previously excluded due to surprise or inexcusable neglect."
 {¶ 17} In her first assignment of error, appellant argues that the trial court erred in limiting the period of time for spousal support. She maintains that she is not able to regain employment in her previous field due to changes in the field, her age, and the lengthy period of time since she was previously employed. Appellant asserts that the trial court's determination is against the manifest weight of the evidence and an abuse of discretion in light of R.C. 3105.18(C)(1).
 {¶ 18} In her second assignment of error, appellant alleges that the trial court erred in awarding the amount of support, given that appellee was utilizing his financial resources to extravagantly support his paramour in order to reduce his available income for support and that he had an ongoing income stream available to him through rental income, as well as other factors under R.C. 3105.18(C).
 {¶ 19} Because appellant's first and second assignments of error are interrelated, we will address them together.
 {¶ 20} A trial court is vested with broad discretion over spousal support matters. Fulmer v. Fulmer (May 5, 2000), 11th Dist No. 98-T-0146, 2000 Ohio App. LEXIS 1940, at 7, citing Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 218. "We review a trial court's decision regarding spousal support under an abuse of discretion standard of review." Marchand v. Marchand, 11th Dist. No. 2005-G-2610,2006-Ohio-3080, at ¶ 15. An abuse of discretion is more than an error of judgment; it means that the trial court *Page 6 
was unreasonable, arbitrary, or unconscionable in its ruling.Blakemore, supra, at 219. Regarding this standard, we recall the term "abuse of discretion" is one of art, essentially connoting judgment exercised by a court which neither comports with reason, nor the record.State v. Ferranto (1925), 112 Ohio St. 667, 676-678.
 {¶ 21} This court stated in Romano v. Jennison, 11th Dist. No. 2005-L-191, 2006-Ohio-6887, at ¶ 10-13:
 {¶ 22} "The trial court has significant discretion in awarding spousal support in a domestic relations proceeding, provided the award is `"`appropriate and reasonable.'"' Bandish v. Bandish, 11th Dist. No. 2002-G-2489, 2004-Ohio-3544, at ¶ 14, citing Glass v. Glass (Dec. 22, 2000), 11th Dist. No. 99-L-120, 2000 Ohio App. LEXIS 6103, at 6. `While need is a factor to consider, the relevant question is whether the support order under construction is appropriate and reasonable under the circumstances.' Buchal v. Buchal, 11th Dist. No. 2005-L-095,2006-Ohio-3879, fn. 2; Pengov v. Pengov, 11th Dist. No. 2002-G-2485,2003-Ohio-6755, at ¶ 24-25.
 {¶ 23} "* * *
 {¶ 24} "To determine whether spousal support is reasonable and appropriate, the trial court is required to consider the following factors from R.C. 3105.18(C)(1):
 {¶ 25} "`* * * (1) (T)he income of the parties; (2) the earning abilities of the parties; (3) the ages and health of the parties; (4) the parties' retirement benefits; (5) the duration of the marriage; (6) the appropriateness of the parties to seek employment outside the home; (7) the marital standard of living; (8) the education of the parties; (9) the assets and liabilities of the parties; (10) the contribution of either party to the other's education; (11) the cost of education of the party seeking support; (12) the tax *Page 7 
consequences of a spousal support award; (13) the lost income that results from the parties' marital responsibilities; and (14) any other factor the court deems relevant.' Davis v. Davis (Mar. 31, 2000), 11th Dist. No. 98-P-0122, 2000 Ohio App. LEXIS 1443, at 7. * * *"
 {¶ 26} Gerijo, Inc. v. Fairfield (1994), 70 Ohio St.3d 223, 226, states:
 {¶ 27} "[Judgments supported by competent, credible evidence going to all the material elements of the case must not be reversed, as being against the manifest weight of the evidence. C.E. Morris Co. v. FoleyConstr. Co. (1978), 54 Ohio St.2d 279 * * *, syllabus. We must indulge every reasonable presumption in favor of the lower court's judgment and finding of facts. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77
* * *. In the event the evidence is susceptible to more than one interpretation, we must construe it consistently with the lower court's judgment. See Ross v. Ross (1980), 64 Ohio St.2d 203 * * *." (Parallel citations omitted.)
 {¶ 28} In the case at bar, the findings of fact and conclusions of law and the judgment entry show the trial court's reliance on the factors stated in R.C. 3105.18(C)(1), including: (1) the income derived from property to which the parties stipulated; (2) the earning abilities of the parties, including the fact that appellant is capable of earning, at a minimum, $1,000 per month, and appellee's earning ability is substantially greater than appellant's; (3) appellee is 63 years old and appellant is 61, and both are in good physical, mental, and emotional health; (4) appellant's expected social security benefits are substantially smaller than appellee's; (5) the parties were married for nine and a half years; (6) appellant worked outside of the home for a time during the marriage; (7) during the pendency of the marriage, the parties lived an upper *Page 8 
middle-class lifestyle; (8) there is a disparity in the parties' education levels, and although neither party needs further education, appellant needs three years to become self-sufficient; (9) the assets and liabilities were discussed and analyzed in detail in paragraphs 11 through 17 of the trial court's judgment entry, which the parties stipulated; (10) neither party has contributed to the other's formal education; (11) neither party needs further education, thus, there is no cost involved; (12) the trial court considered the tax consequences to the parties relative to the payment/receipt of spousal support; and (13) there is no lost income that resulted from the parties' marital responsibilities.
 {¶ 29} Based on the evidence before us, we cannot say that the trial court abused its discretion or acted against the manifest weight of the evidence by finding the amount of spousal support to be $3,000 per month for 36 months.
 {¶ 30} Appellant's first and second assignments of error are without merit.
 {¶ 31} In her third assignment of error, appellant contends that the trial court erred in partially granting the motion to vacate when she and appellee had previously stipulated to the payments that were made, and the additional evidence submitted by appellee was not previously excluded due to surprise or inexcusable neglect.
 {¶ 32} Pursuant to App. R. 16(A)(7), an appellant is required to include in his appellate brief "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." *Page 9 
 {¶ 33} In Hawkins v. Anchors, 11th Dist. Nos. 2002-P-0098, 2002-P-0101, and 2002-P-0102, 2004-Ohio-3341, at ¶ 59-60, quotingVillage of S. Russell v. Upchurch, 11th Dist. Nos. 2001-G-2395 and 2001-G-2396, 2003-Ohio-2099, at ¶ 10, this court stated:
 {¶ 34} "`An appellant "bears the burden of affirmatively demonstrating error on appeal." Concord Twp. Trustees v. Hazelwood Builders (Mar. 23, 2001), 11th Dist. No. 2000-L-040, 2001 Ohio App. LEXIS 1383. It is not the obligation of an appellate court to search for authority to support an appellant's argument as to an alleged error. See Kremer v. Cox
(1996), 114 Ohio App.3d 41, 60 * * *. Furthermore, if an argument exists that can support appellant's assignments of error, "it is not this court's duty to root it out." Harris v. Nome, 9th Dist. No. 21071, 2002-Ohio-6994, (* * *).' (Parallel citations omitted.)" See, also,Cominsky v. Malner, 11th Dist. No. 2005-L-108, 2006-Ohio-6205, at ¶ 36-39; Bischof v. Mentor Exempted Village School District, 11th Dist. No. 2007-L-056, 2007-Ohio-6155, at ¶ 24-25; and Parkman Properties, Inc.v. Tanneyhill, 11th Dist. No. 2007-T-0098, 2008-Ohio-1502, at ¶ 43-44.
 {¶ 35} In the case sub judice, appellant has failed to support her assertions and did not set forth a single, legal authority to support her contention that the trial court erred by partially granting appellee's Civ. R. 60(B) motion. Thus, she clearly did not follow the requirements of App. R. 16(A)(7).
 {¶ 36} Appellant's third assignment of error is overruled.
 {¶ 37} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Geauga County Court of Common Pleas is affirmed. It is *Page 10 
ordered that appellant is assessed costs herein taxed. The court finds there were reasonable grounds for this appeal.
CYNTHIA WESTCOTT RICE, J., concurs,
COLLEEN MARY OTOOLE, J., dissents with Dissenting Opinion.
[1] On April 24, 2007, appellee filed a notice of cross-appeal. However, we note that he did not set forth any cross-assignments of error for our review in his appellate brief. Also on April 24, 2007, appellee filed a motion to remand to the trial court for the limited purpose of hearing and determining the Civ. R. 60(B) motion filed on April 10, 2007. On May 7, 2007, appellant filed a motion to dismiss, motion to vacate, memorandum in opposition, and motion for attorney fees. Pursuant to our June 8, 2007 judgment entry, this court granted appellee's motion to remand, and remanded the matter for a period of 30 days for the sole purpose of the trial court to rule on appellee's Civ. R. 60(B) motion. Pursuant to this court's remand, the trial court issued a judgment entry on June 13, 2007, indicating that appellee is entitled to relief under Civ. R. 60(B)(1), since he presented sufficient operative facts to establish and support a meritorious claim with regard to spousal support arrearages; appellee is not entitled to the relief he requested with regard to the Lowe's credit card debt; and that spousal support arrearages in the amount of $6,100 be carried forward.