{¶ 95} I respectfully dissent.
 {¶ 96} Regarding Lori's first assignment of error, the majority contends that it is with merit with respect to the trial court's valuation of the antique car collection. I disagree.
 {¶ 97} Decisions of a trial court concerning support and the division of marital property are reviewed for abuse of discretion. See, e.g.,Hale v. Hale, 11th Dist. Nos. 2005-L-101 and 2005-L-114, 2006-Ohio-5164, at ¶ 16-17 (child support); Mulliken v. Mulliken, 11th Dist. No. 2005-G-2615, 2006-Ohio-4178, at ¶ 12 (spousal support); Rosenberger v.Rosenberger, 11th Dist. No. 2005-G-2653, 2006-Ohio-3410, at ¶ 15
(marital property). "The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. * * *'" Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. The term is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. See, e.g., State v. Ferranto (1925),112 Ohio St. 667, 676-678.
 {¶ 98} This court stated in Rice v. Rice, 11th Dist. Nos. 2006-G-2716 and 2006-G-2717, 2007-Ohio-2056, at ¶ 33:
 {¶ 99} "* * * [W]hen considering whether a trial court has abused its discretion in dividing marital property, a reviewing court `should not review discrete aspects of the property division out of context of the entire award.' Baker v. Baker (1992), 83 Ohio App.3d 700, *** citingBriganti v. Briganti (1984), 9 Ohio St.3d 220, 222, ***. Instead, a reviewing *Page 24 
court `should consider whether the trial court's disposition of marital property as a whole resulted in a property division which was an abuse of discretion.' Baker at 700-701. Thus, `a reviewing court may modify a property division only if it finds that the trial court abused its discretion by dividing the property as it did.' Cherry [v. Cherry
(1981), 66 Ohio St.2d 348,] *** 355." (Parallel citations omitted.)
 {¶ 100} R.C. 3105.171(F)(7) provides: "[i]n making a division of marital property and in determining whether to make and the amount of any distributive award under this section, the court shall consider *** [t]he costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property[.]"
 {¶ 101} In the case at bar, the parties had six collectible vehicles, which were all awarded to Gregory, and had a total value of $211,500. The trial court subtracted a ten percent commission, which amounted to $21,150. The sale cost of ten percent was established by Lori's expert, Donald Shury. The trial court properly considered R.C. 3105.171(F)(7) and reduced the value of the cars accordingly. The trial court acknowledged the probable sale of other assets in explaining the reductions in value by the cost of sale. Considering the vehicles in the context of the entire award, I believe that the trial court did not abuse its discretion by subtracting a ten percent commission.
 {¶ 102} With respect to Gregory's first assignment of error on cross-appeal, the majority maintains that the trial court erred in determining the amount of cash proceeds at separation that he received, specifically failing to credit Gregory for $240,000 given to Lori from marital funds for the purchase of a separate residence. I disagree.
 {¶ 103} R.C. 3105.171 provides in part: *Page 25 
 {¶ 104} "(F) In making a division of marital property and in determining whether to make and the amount of any distributive award under this section, the court shall consider all of the following factors:
 {¶ 105} "(1) The duration of the marriage;
 {¶ 106} "(2) The assets and liabilities of the spouses;
 {¶ 107} "(3) The desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage;
 {¶ 108} "(4) The liquidity of the property to be distributed;
 {¶ 109} "(5) The economic desirability of retaining intact an asset or an interest in an asset;
 {¶ 110} "(6) The tax consequences of the property division upon the respective awards to be made to each spouse;
 {¶ 111} "(7) The costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property;
 {¶ 112} "(8) Any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses;
 {¶ 113} "(9) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 114} In the case sub judice, the record establishes that the trial court complied with the R.C. 3105.171(F) statutory factors. The trial court noted in its 18 page December 14, 2006 judgment entry that the parties entered into a voluntary agreement in which Gregory paid Lori the sum of $240,000 from marital funds so that she could purchase a residence. *Page 26 
Specifically, the trial court indicated that "there was a division of funds where each party received $322,647.00, and [Lori] received an additional $240,000.00 to purchase a residence for her and the parties' children." R.C. 3105.171(F)(8). Because the trial court accounted for the $240,000 payment from marital funds made by Gregory to Lori, there was no abuse of discretion.
 {¶ 115} With regard to Gregory's second assignment of error on cross-appeal, he asserts that the trial court erred when it made facially inaccurate mathematical errors, thereby rendering the property division unequal. He presents two issues: (1) Whether the award of the same asset two times to one party in a property division award, thereby rendering the property division unequal, constitutes an abuse of discretion; and (2) Whether a mathematical error in an award rendering the property division unequal constitutes an abuse of discretion. The majority holds that this assignment of error has merit. I disagree.
 {¶ 116} Pursuant to App. R. 16(A)(7), an appellant is required to include in his appellate brief "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."
 {¶ 117} In Hawkins v. Anchors, 11th Dist. Nos. 2002-P-0098, 2002-P-0101, and 2002-P-0102, 2004-Ohio-3341, at ¶ 59-60, quotingVillage of S. Russell v. Upchurch, 11th Dist. Nos. 2001-G-2395 and 2001-G-2396, 2003-Ohio-2099, at ¶ 10, this court stated:
 {¶ 118} "`[a]n appellant "bears the burden of affirmatively demonstrating error on appeal." Concord Twp. Trustees v. HazelwoodBuilders (Mar. 23, 2001), 11th Dist. No. 2000-L-040, 2001 Ohio App. LEXIS 1383. It is not the obligation of an appellate court to search for authority to support an appellant's argument as to an alleged error. SeeKremer *Page 27 v. Cox (1996), 114 Ohio App.3d 41, 60 * * *. Furthermore, if an argument exists that can support appellant's assignments of error, "it is not this court's duty to root it out." Harris v. Nome, 9th Dist. No. 21071, 2002-Ohio-6994, (* * *).' (Parallel citations omitted.)" See, also,Cominsky v. Malner, 11th Dist. No. 2005-L-108, 2006-Ohio-6205, at ¶ 36-39; Bischof v. Mentor Exempted Village School Dist., 11th Dist. No. 2007-L-056, 2007-Ohio-6155, at ¶ 24-25; and Parkman Properties, Inc. v.Tanneyhill, 11th Dist. No. 2007-T-0098, 2008-Ohio-1502, at ¶ 43-44.
 {¶ 119} In the instant assignment of error, Gregory has failed to support his assertions, and did not set forth a single, legal authority to support his contention that the trial court erred by rendering an unequal property division. Thus, he clearly did not follow the requirements of App. R. 16(A)(7). Thus, this writer believes that this assignment should be overruled.
 {¶ 120} For the foregoing reasons, I would affirm the judgment of the trial court. *Page 1